SAMUEL H. MERRELL *et al.*

*v.*

FANNIE D. JOHNSON *et al.*

*Filed at Springfield September 30, 1880.*

1. FRAUDULENT CONVEYANCE—*voluntary settlement.* If, at the time of making a voluntary settlement, by a father upon his children, he still retains sufficient property to pay all his debts, such settlement can not be impeached unless it is fraudulent in fact. Mere indebtedness at the time is not sufficient to render the settlement fraudulent in law if the donor retains property sufficient to discharge his debts.

2. To impeach a conveyance of land by a father to his children as fraudulent, it necessarily devolves upon the complainant to aver and prove that he was a creditor at the time the conveyance was made, and that the grantor was then insolvent, or show such facts and circumstances as will authorize a court or jury to presume insolvency.

3. SAME—*title under prior lien.* Where a father conveys land to his children, subject to liens thereon by mortgage and judgment which are prior liens, and the land is sold under such prior liens and purchased by a third person for the benefit of such children, with means derived from their mother's separate estate, and the time for redemption is passed, a judgment creditor of the father, whose lien is junior, can not have the conveyance to the children and third person set aside as fraudulent, and subject the land to the payment of his debt.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & RYAN, for the appellants:

A voluntary conveyance to a child when the grantor is largely indebted, is presumptive evidence of fraud, and a fraudulent intent will be presumed from the fact of indebtedness at the time. *Moritz* v. *Hoffman,* 35 Ill. 553; *Bridgford et al.* v. *Riddle,* 54 id. 362.

By the statute, deeds made in fraud of creditors are absolutely void as to creditors and subsequent purchasers in good faith. *Gould et al.* v. *Steinburg,* 84 Ill. 173.

This deed is a cloud upon the title of appellants, and should be so declared. *Farnsworth* v. *Strasler,* 12 Ill. 482; *Gould et al.* v. *Steinburg,* 84 id. 170.

The conveyance of Johnson to his children, he being largely in debt at the time, including the debts or liabilities of appellants of $2400, is presumptive evidence of fraud, and a fraudulent intent will be presumed from the fact of such indebtedness. *Moritz* v. *Hoffman,* 35 Ill. 553; *Jones* v. *Harvey,* 3 Littell, 433.

Where a parent, when debts are pressing him, conveys all his property to his children by a voluntary conveyance, or for a consideration greatly less than its value, a strong presumption of fraud arises. *Holbert* v. *Grant,* 4 Monroe, 583; *Trimble* v. *Ratcliff,* 12 B. Monroe, 38; *Morrell* v. *Schenick,* 54 Ill. 269.

Fraud may be presumed from the circumstances and condition of the parties, and this goes further than the rule of law, which is that fraud must be proved, and not presumed. Story's Eq. Jur. sec. 190; *Chesterfield* v. *Janssen,* 1 Ves. 155, 156; *Reed* v. *Noxen,* 48 Ill. 323; *Bullock* v. *Narrott,* 49 id. 62; *Waddingham* v. *Loker,* 44 Miss. 132; *Motter* v. *Vandeveer,* 5 C. E. Green (N. J.) 463; *Mahony* v. *Hunter,* 30 Ind. 246; *Parker* v. *Phetteplace,* 2 Cliff. 70; *Baker* v. *Kline,* 106 Mass. 61.

Fraud may be inferred from the evidence. *Straus* v. *Kronert,* 56 Ill. 254; *Farmer* v. *Colvert,* 44 Ind. 209.

Where the object of a grantor in making a conveyance was to hinder or delay his creditors, such instrument is not purged of the fraud because he may also have had some other purpose in view at the time of making it. *Reed* v. *Noxen,* 48 Ill. 323; *Merry* v. *Bostwick,* 13 id. 210.

Insolvency does not mean an absolute inability of the debtor to pay his debts, at some future time, upon a settlement and winding up of all his affairs, but a present inability to pay in the ordinary course of business. *Thompson* v. *Thomp-*

*son,* 4 Cush. (Mass.) 127; *Lee* v. *Kelburn,* 13 Gray (Mass.) 594.

If a donor be indebted beyond his means of payment, his gift is a fraud against his creditors, and void as to them. And even where no dishonest purpose can be imputed to the donor, the gift will be set aside in favor of creditors. Such a gift is void as to all creditors. *Ingram* v. *Phillipps,* 5 Strobh (S. C.) 500; *Richardson* v. *Rodus,* 14 Rich. (S. C.) 95; *Henderson* v. *Dodd,* 1 Bailey (S. C. Eq.) 138.

A voluntary conveyance from a parent who is insolvent to his child, is *prima facie* fraudulent and void. *Humbert* v. *Methodist Church,* Wright (Ohio) 213.

A voluntary deed from an insolvent father to his minor son may be canceled on a bill filed by pre-existing creditors, and the property subjected to the debts of the father. *Mixell et al.* v. *Lutz,* 34 Ill. 387.

Mr. W. B. GARLOCK, for the appellees Fannie May and Lucy D. Johnson:

Upon the question of fraud, we cite *Moritz* v. *Hoffman,* 35 Ill. 553, relied upon by appellants. See, also, *Wyck* v. *Seward et al.* 6 Paige Ch. 62; *Howe* v. *Ward,* 4 Me. 195.

So, where a grantor may have intended to defraud his creditors, if the purchaser has paid a valuable consideration, before the deed can be attacked it must be shown by the evidence that he designed to aid in the fraud. The rule in such cases is that both parties must be shown to have intended to commit a fraud, before the deed can be avoided. *Gridley* v. *Bingham,* 51 Ill. 153; *Myers* v. *Kensie,* 26 id. 36.

Under our statute, in order to declare a deed fraudulent and void, it must be conceived in some improper motive, as, collusion, guile and the like, with the intent to hinder, delay or defraud creditors, and both parties must join in this intent. *Ewing* v. *Runkle,* 20 Ill. 448; *Wilson* v. *Prouson,* id. 85.

In the arrangement spoken of, appellees had to assume the incumbrances upon the land; and a conveyance in consideration of the assumption of a valid lien upon the land, is for a valuable consideration. *Dubbs* v. *Finley,* 2 Pa. St. 397.

Messrs. BLOOMFIELD & HUGHES, also for the appellees:

There was a good and valuable consideration to support this deed. *Dubbs* v. *Finley,* 2 Pa. St. 397.

It can be shown there were other good and valuable considerations, even where the deed recites the consideration to be one dollar and natural love and affection. *Harvey* v. *Alexander,* 1 Rand. (Va.) 219.

Judicial sales make the deeds given, after the expiration of the right of redemption expires, muniments of title that relate back to the time the lien attached, and cut out all subsequent incumbrances. *Stephens* v. *Illinois Mutual Fire Insurance Co.* 43 Ill. 327; *Blair et al.* v. *Chamblin et al.* 39 id. 527.; *Brown* v. *Kendall,* 12 La. Ann. 347; *Irvine* v. *Campbell,* 6 Binn. (Pa.) 118.

Messrs. HENRY & COOK, for the appellants, in reply:

The rule is well settled that a voluntary conveyance to a child, when the grantor is largely indebted, raises a presumption of a fraudulent intent, and the burden of proving that the transaction or conveyance is *bona fide* is devolved upon the grantee. *Ferguson* v. *Gilbert et al.* 16 Ohio St. 96.

The fact that the children of Johnson were minors at the time of the making of this conveyance, does not change their moral obligation, or shift the onus or burden of proof. *Starr* v. *Wright,* 20 Ohio St. 106; *White* v. *Brocaw,* 14 id. 339.; *Swift* v. *Holdridge,* 10 Ohio, 231; *Edgerton* v. *Wolf et al.* 6 Gray, 457.

The recitals in the deed as to the consideration for the making of the deed are strong presumptive evidence of the fact, if they are not an absolute estoppel in favor of appellants, and the evidence of a family arrangement made by

Johnson with his wife is not admissible for any purpose, much less to contradict the recitals in the deed. *Stevens* v. *Cooper*, 1 Johns. Ch. 428.

The children of Simeon Johnson, receiving the title without consideration, in contemplation of law, are privy to the fraud of their grantor, or, at least, will not be permitted in a court of equity to set up this conveyance as against his fraud. *Mohawk Bank* v. *Atwater*, 2 Paige Ch. 59.

A person largely indebted can not give away his property without ample provision for the payment of his debts. The suspicion of a fraudulent intention in making such gift may be removed by proper evidence, but the question always remains whether the conveyance operated to the prejudice of creditors. Such a gift is never upheld unless property is retained, clearly and beyond doubt, sufficient to pay all the donor's debts. *Claflin* v. *Mess*, 30 N. J. Eq. 212; *Crumbaugh et al.* v. *Kugler et al.* 2 Ohio St. 378, and authorities there cited.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Samuel H. Merrell and Rankin P. McPheeters, in the circuit court of McLean county, to set aside a deed executed on the 26th day of March, 1870, by Simeon T. Johnson to his three children, Laura Belle, Lucy M. and Fannie D. Johnson, conveying a tract of land in McLean county, consisting of two hundred acres.

It is charged in the bill that Johnson fraudulently and without consideration, except love and affection, and for the purpose of hindering, delaying and defrauding his creditors, conveyed the premises; that at the time of making the deed he was in embarrassed circumstances, and had no property liable to execution, except the lands conveyed.

It is also alleged that the title held by Robert McCart to the premises, which was obtained by a sale of the lands under certain judgments and decree of foreclosure obtained against

Johnson, is a fraud upon the rights of complainants, and a cloud upon their title, and ought, in equity, to be removed.

The appellants, as appears from the record, filed in August, 1870, two bills in equity against Johnson, for the purpose of correcting an alleged mistake in two certain deeds which had been executed by Johnson, conveying certain lands in Moultrie county to them.

The summons was served on Johnson on the 22d day of August, 1870, and at the May term, 1871, of the Moultrie circuit court a default was taken, and a money decree rendered in each case against Johnson for $1200.

In July, 1871, executions issued on the judgments, and in October, 1871, they were returned no property found.

On the 10th day of October, 1873, *alias* executions issued on the decrees to the sheriff of McLean county, and on the 16th day of December, 1873, the sheriff levied on the lands in controversy, and sold the lands to appellants on the 29th day of January, 1874, and no redemption having been made, deeds were executed conveying the lands to appellants on the 4th day of December, 1877. Under this deed appellants claim to own the premises, and filed their bill to remove the Johnson deed to his children and the deed held by McCart obtained under judgment and mortgage sale.

It appears, from the evidence, as early as 1869 Johnson mortgaged a portion of the premises, and subsequently judgments were obtained against him, which also became a lien, before he was sued by appellants. The lands were sold under this mortgage and the judgments, and under the sales the title passed into Robert McCart.

It also appears, from the evidence, that Johnson's wife owned a place in Bloomington in her own right, worth some $3500. She died in the month of January, 1870. Previous to her death, an agreement was made between her and her husband that she should sell her place and pay off the incumbrances on the farm in question, and, in consideration thereof, Johnson agreed to deed the land to her three children, the

appellees. After the death of the wife, in consideration of the arrangement made between Johnson and his wife, he did, on March 26, 1870, make the conveyance, and subsequently the town property of Mrs. Johnson was sold and the proceeds used by Robert McCart, who acted for the children, in buying in the liens against the land.

It will be observed that at the time Johnson conveyed the land to his three children, March 26, 1870, appellants had not commenced suit against him, and, so far as appears, he was not aware that they had a cause of action against him.

There is no evidence in the record which shows that Johnson actually intended to defraud appellants, or any other creditor, by making the conveyance. If, therefore, the deed is to be held fraudulent, it must be fraudulent in law and not in fact.

Was the transaction fraudulent in law?

It appears, from the evidence, that Johnson, a short time before his wife's death, traded sixty-three acres of land, worth $50 per acre, for a large stock of goods. This stock of goods he retained in his possession, and was in business until about the 1st of May, 1870. At the time the deed was made to his children, besides the goods, he had other property: horse and buggy, worth $500; house and lot in Heyworth, and some other articles of property. Outside of the debts which were a lien on the land when the deed was made, it does not appear that Johnson was indebted to any person, except to appellants, and this debt had not, at that time, been established.

It thus appears, at the time Johnson conveyed the land to his children, he still retained sufficient property to pay all his debts.

Now, if the conveyance of the property by Johnson to his children is to be regarded as a voluntary settlement upon them, it could not be impeached unless it was fraudulent. Mere indebtedness at the time is not sufficient, if the maker

of the settlement retains sufficient property to discharge his debts. As is said in *Moritz* v. *Hoffman,* 35 Ill. 553: "To impeach such a conveyance successfully, it devolved upon the complainants to aver and prove that they were creditors at the time, and that the grantor was then insolvent, or such facts and circumstances as would authorize a court or jury to presume insolvency."

Here, there is an entire want of evidence, on the part of complainants, to establish the fact that Johnson was insolvent when he executed the deed. But, on the other hand, it is quite apparent that he retained sufficient property to pay all debts which were not secured on the land he conveyed, and the land was conveyed subject to these liens. Under such circumstances, we can not hold that the conveyance was fraudulent.

But, aside from this position, there is another feature in the case fatal to a recovery. Johnson's children received the deed of the land subject to the incumbrances then existing against it. The land was subsequently sold in satisfaction of these incumbrances, and the sale ripened into a title which was procured by McCart, and by him held for the children. If the appellants desired to protect their junior lien on the land, it is obvious they could not do so by remaining silent and inactive, and allow the land to be sold on the senior lien, and the sale ripen into a title at the expiration of the time provided by law for redemption. But they were bound to come forward and redeem from the sale, or lose the benefit of the levy they had made upon the land. This they failed to do, and we are aware of no principle of equity which would deprive the grantees of Johnson from buying in the land when sold on decree of foreclosure or under execution, and if the land was not redeemed, no reason is perceived why they would not acquire the legal title.

The decree of the circuit court will be affirmed.

*Decree affirmed.*