MARY B. LUCAS

*v.*

HANNAH L. LUCAS.

*Filed at Ottawa May 12, 1882.*

1. FRAUDULENT CONVEYANCE— *as to subsequent creditors.* A voluntary conveyance by a husband and wife to a party who immediately reconveys to the wife, can not be impeached as fraudulent as against subsequent creditors of the husband, when there is no evidence that the conveyance was colorable, merely, and that a secret trust and confidence existed for the benefit of the husband, or that the deeds were made in anticipation of incurring debts to avoid which the conveyances were made.

2. SAME— *voluntary conveyance not rendered bad by attempting to prove consideration.* An attempt on a creditor's bill to prove a valuable consideration for a conveyance of land, and failure to establish it, will not deprive the grantee of the right to claim its benefit as a voluntary conveyance without fraud.

3. CURTESY— *since 1861, does not vest in wife's lifetime.* Since the Married Woman's act of 1861, the husband's right to an estate by the curtesy in the lands of his wife is contingent, and does not vest in the husband until after the death of the wife.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding.

Messrs. COOPER & TENNERY, for the appellant:

If the wife had in fact, prior to 1869, paid $1800 on her husband's debts, or more, it did not create the relation of debtor and creditor between them, and consequently such payments could have formed no sufficient consideration for the conveyance from the husband to her. Prior to 1869 the earnings of a wife were the property of her husband. *McDavid* v. *Adams,* 77 Ill. 155; *Jassoy* v. *Delius,* 65 id. 469; *Hazelbaker* v. *Goodfellow,* 64 id. 238; *Conner* v. *Berry,* 46 id. 370; *McMurtry* v. *Webster,* 48 id. 123; *Schwartz* v. *Saunders,* 46 id. 18; *Farrell* v. *Patterson,* 42 id. 52; *Bear* v. *Hays,* 36 id. 280.

. 122           LUCAS v. LUCAS.           [May

Brief for the Appellee.    Opinion of the Court.

It requires clear and incontrovertible evidence to establish a gift from a husband to his wife as a matter of intention and fact, and when so shown, if there is no ground to suspect fraud, and it amounts to a reasonable provision, it will be sustained. 2 Story's Eq. Jur. sec. 1375.

When the grantee takes as a volunteer, it does not matter whether he intended to aid in a fraud. *Tunison* v. *Chamblin*, 88 Ill. 378.

A voluntary conveyance by a husband to his wife in anticipation of incurring debts, or which is colorable merely, for the benefit and secret use of the grantor, is void as to subsequent creditors of the grantor. *Tunison* v. *Chamblin*, 88 Ill. 378; *Jones* v. *King*, 86 id. 225; *Hook* v. *Moore*, 17 Iowa, 197.

Messrs. WILSON & WOOLSEY, for the appellee:

When existing creditors are not injured, a husband may convey real estate to his wife. *Lincoln* v. *Laughlin*, 74 Ill. 11.

A purchase of land by a husband, with his own means, in his wife's name, without fraudulent intent, will be sustained as against subsequent creditors. *Elder* v. *Jones*, 85 Ill. 384; *Indianapolis, Bloomington and Western Ry. Co.* v. *McLaughlin*, 77 id. 275; *Haines* v. *Haines*, 54 id. 274; *Patrick* v. *Patrick*, 77 id. 585; *Bradford* v. *Riddell*, 55 id. 261; *Yazel* v. *Palmer*, 81 id. 82; *Moritz* v. *Hoffman*, 35 id. 553; *Jones* v. *King*, 86 id. 225.

Since 1861, the husband's right by the curtesy in his wife's land is contingent, depending upon his surviving her. *Beach* v. *Miller*, 51 Ill. 206.

Mr. JUSTICE SHELDON delivered the opinion of the Court:.

This was a proceeding of interpleader, by the appellee, Hannah L. Lucas, in a foreign attachment suit brought by appellant, as administratrix of the estate of David Lucas, deceased, against George L. Lucas, to the October term, 1881, of the Peoria county circuit court, the writ of attach-

ment having been levied upon certain lots in an addition to the city of Peoria, as the property of said George L. Lucas. Appellee, the wife of George L. Lucas, by her interpleader claimed ownership in fee of the lots. A trial was had before the circuit court, without a jury, of the issue as to the ownership of the property, which resulted in a finding and judgment in favor of appellee.

The lots were conveyed by George L. Lucas and Hannah L., his wife, to John C. Yates, by warranty deed, dated October 11, 1873, for the expressed consideration of $1000, and on the same day, for the same expressed consideration, Yates made a quitclaim deed of the lots to said Hannah L. Lucas, the appellee. The claim of appellant is, that this conveyance to Hannah L. Lucas was fraudulent as to the creditors of George L. Lucas. The evidence in the record tending to show this, is of a quite meagre kind. The debt, which is the subject of the attachment suit, arose subsequently to the conveyance, being a note of George L. Lucas, given January 20, 1876, to David Lucas, for $500. All the existing indebtedness of George L. Lucas, at the time of the conveyance, shown, was a judgment against him in favor of one Burns for $378.31, rendered at the April term, 1873, of the Peoria county circuit court. All the other property shown to have been owned by him at the time was an undivided half of eighty acres of land in Peoria county, the title to the other half appearing to have been in his wife, Hannah L. Lucas, by conveyance to her from Sarah J. and Michael Crow, made April 13, 1871. This eighty acres was conveyed by George L. Lucas, and his wife, Hannah L., to David Lucas, by warranty deed, dated February 10, 1874, for the consideration expressed, of $5000, subject to a trust deed to secure $1500. On the Burns judgment above named, against George L. Lucas, two executions, issued July 18, 1873, and October 16, 1873, had been returned no property found, and a further execution on the judgment, issued October 6, 1874, was levied

upon said eighty acres of land, and satisfied in full by the sale thereof, November, 1874, to Burns, for $460.36, and to redeem from this execution sale, George L. Lucas borrowed $500 from David Lucas, and gave to him therefor the note on which the attachment suit was brought, George L. having before, as already said, sold the land to David Lucas, and given a covenant of warranty. All the evidence as to the value of the lots in question is, that they were good security for $3000. This is the substance of all the testimony bearing upon the question involved. There is no direct evidence of any fraudulent purpose, or evidence that the conveyance was colorable only, and that a secret trust and confidence existed for the benefit of the grantor, George L. Lucas, or that the deed was made in anticipation of incurring debts, to avoid the payment of which the conveyance was made. Cases in which this court has recognized that such a conveyance might be avoided by subsequent creditors: *Tunison* v. *Chamblin*, 88 Ill. 378; *Jones* v. *King*, 86 id. 225.

From the circumstances disclosed, we perceive no sufficient ground for the impeachment of the conveyance here as being fraudulent as against subsequent creditors. Although the conveyance to the wife was voluntary, this of itself—no fraudulent intent appearing, nor such facts as above named, —does not render the deed void as to subsequent creditors. *Moritz* v. *Hoffman*, 35 Ill. 554; *Bridgford* v. *Riddell*, 55 id. 261.

But inasmuch as there was an attempt to prove a valuable consideration, to the extent of $1800, for money advanced by the wife for her husband, and that the conveyance was made in payment of this alleged indebtedness of that amount from the husband to the wife, and there was failure in this, it appearing that the money was but earnings of the wife which belonged to the husband, it is insisted that this fruitless attempt to show a valuable consideration precludes the appellee from availing herself of the deed as a voluntary

conveyance.   The attempt to prove a valuable consideration indicated an idea that such a consideration was necessary to sustain the conveyance; but the failure to prove a consideration leaves the deed standing as a voluntary conveyance, and if such a conveyance be good as against the subsequent creditors, we know no reason why the grantee should be deprived of the enjoyment of the benefit of the deed as a voluntary conveyance, from the circumstance of having attempted to prove the payment of a valuable consideration and failing in the attempt.

It is claimed that there was an estate as tenant by the curtesy in the husband, which was subject to the attachment. It is sufficient to say, in answer to this, that in *Beach* v. *Miller*, 51 Ill. 206, it was held that since the act of 1861, the husband's right to the curtesy in the land of his wife is contingent, and does not vest in the husband until the death of the wife.

We find no cause for disturbing the finding and judgment of the circuit court, and the judgment is affirmed.

*Judgment affirmed.*