### GEORGE W. BITTINGER

*v.*

### FREDERICKA KASTEN *et al.*

*Filed at Ottawa September 27, 1884.*

1. FRAUDULENT CONVEYANCE—*voluntary settlement on wife, by party not insolvent.* To render a reasonable provision by a husband for his wife, by investing her with the title to real estate, fraudulent, as against a creditor of the former, it must appear that he was at the time insolvent, or that such gift made him so.

2. The owner of property may at any time give the same to any one he chooses, so long as he thereby injures no then existing creditor, and no subsequent creditor can call it in question, unless the donor is guilty of an actual fraudulent intent, and such creditor is thereby injured. This follows from his absolute dominion over his property; and the mere fact that he may be indebted, is not alone sufficient to make a gift or voluntary conveyance by him inoperative. If there is no intention on his part to delay or defraud his creditors, the conveyance is not within the Statute of Frauds.

3. No creditor without any lien has any right to complain that his debtor is giving away his property to his wife or children, unless such creditor can establish the fact that the debtor has not retained enough to satisfy existing debts. Such grantor must make himself insolvent by such gifts or conveyances, and to impeach them, fraud must be alleged and proved.

4. So this court has held, that where there is no fraudulent intent, and the gift or provision made by a debtor to his wife or child is a reasonable one under the circumstances, leaving ample property, unincumbered, for the payment of his debts, not materially lessening his creditors' then prospect of payment, the gift or provision will be sustained.

5. SAME—*presumption as to insolvency.* In the absence of an allegation in a creditor's bill to reach property given by a husband to his wife, that he was insolvent at the time, or that such gift rendered him unable to meet all his legal obligations, or even that he owed any other persons, and of proof to sustain the same, it can not be presumed that any other debts of the husband then existed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

This was a creditor's bill, filed in the Superior Court of Cook county, on October 27, 1882, by George W. Bittinger, against Fredericka Kasten, Carl Kasten, Herman A. Haster, G. H. Thomas and Otto Wasmansdorff, to subject certain real estate vested in Fredericka Kasten 'to the payment of a judgment in favor of the complainant, against her husband, Carl Kasten.

In 1873 Carl Kasten acquired the title to lot 42, in Reich's re-subdivision of block 28, in canal trustees' subdivision of part of section 33, township 40, north, range 14, east, and remained the owner of record until July 19, 1879, when he, and Fredericka, his wife, conveyed the same to William Zimmerman, for the expressed consideration of $4000. On the same day, Zimmerman conveyed the same lot to said Fredericka Kasten, for the expressed consideration of $4000. These two conveyances are charged to have been fraudulent, and without consideration. Afterwards, on July 14, 1881, said Fredericka Kasten and her said husband sold said lot to Herman A. Haster for $4600, and on September 9, 1881, one G. H. Thomas conveyed to Fredericka Kasten sub-lots 3 and 4, in G. H. Thomas' subdivision of lot 14, in block 21, in canal trustees' subdivision of section 33, etc., she using the means derived from the sale of lot 42 in making payment for these sub-lots. On April 25, 1879, complainant recovered a judgment against one Herman for $530.71, and costs, from which judgment said Herman took an appeal to the Appellate Court, and on April 26, 1879, said Herman filed his appeal bond, with the said Carl Kasten as one of his sureties. At the October term, 1879, of the Appellate Court, said appeal was dismissed, whereby the liability of Carl Kasten as a surety on said appeal bond became fixed. On August 7, 1882, the complainant, in an action on said bond in the Superior Court of Cook county, recovered judgment against said Carl Kasten for $700.76, and costs of suit. An execution was issued upon this judgment, which was returned no property found. The

bill alleges the insolvency of Carl Kasten, and charges that the conveyances by Kasten to Zimmerman, and by the latter to Mrs. Kasten, were without consideration, and for the fraudulent purpose of preventing the complainant from collecting his claim from Mr. Kasten on this bond, and prays that the sub-lots be declared to belong to the husband, and subject to the judgment.

The answers of Fredericka Kasten and Carl Kasten are substantially alike. They admit that the title to the first lot stood in the husband at the time he signed the bond, and had been in his name since 1873, and until he conveyed to Zimmerman. There is no pretence that there was any consideration for the conveyance from Carl Kasten to Zimmerman, or from the latter to Mrs. Kasten; but it is claimed that the first lot was bought, in 1873, with the means of the wife, and that the husband had taken the title in his own name, without her consent; that she had repeatedly since asked her husband to reconvey said lot to her, but that he had neglected to do so, and that the conveyance by her husband to Zimmerman, and by Zimmerman to her, was simply to put the title in her.

The cause was heard upon the bill, answers and replication, and the deposition of the complainant, and the court dismissed the bill, which decree was affirmed by the Appellate Court, and the complainant, by his further appeal, brings the case to this court.

Mr. JOSEPH PFIRSHING, for the appellant:

When a bill calls for an answer under oath, then the answer is evidence only so far as it is strictly responsive to the allegations of the bill. If the answer sets up new matter by way of confession and avoidance, it is incumbent on the defendant to prove it. *Cummins* v. *Cummins*, 15 Ill. 33; *Stoufer* v. *Machen*, 16 id. 554; *Cassell* v. *Ross*, 33 id. 254; *O'Brien* v. *Fry*, 82 id. 274; *McDonald* v. *McDonald*, 16 Vt. 634; *Wake-*

*man* v. *Grover*, 4 Paige, 33; *Hart* v. *Ten Eyck*, 2 Johns. Ch. ·89; *Clark* v. *White*, 12 Pet. 190.

The wife, by allowing her husband to hold property in his name for several years, thereby giving him credit, is estopped to show he held the same in trust for her. Bigelow on Estoppel, (1st ed.) 468; id. (2d ed.) 479, 482; *McNiel* v. *Tenth National Bank*, 46 N. Y. 325; *Wendell* v. *Van Rennselaer*, 1 Johns. Ch. 344; *Storrs* v. *Barker*, 6 id. 160.

It makes no difference as to the character of the debt at the time of the fraudulent conveyance. *Bay* v. *Cook*, 31 Ill. 336; *Patton* v. *Gates*, 67 id. 164; *Robinson* v. *Brems*, 90 id. 351; *Power* v. *Alston*, 93 id. 587.

Mr. B. M. SHAFFNER, for the appellees:

The answers are responsive to the bill, and are evidence for the defendants. *Cummins* v. *Cummins*, 15 Ill. 34; *Blaisdell* v. *Bowen*, 40 Vt. 126.

Appellant failed to establish fraud, while Mrs. Kasten has shown she was the owner, and that her husband was but a trustee for her. *Van Dorn* v. *Leeper*, 95 Ill. 35; *Seeders* v. *Allen*, 98 id. 468; *Phillips* v. *North*, 77 id. 243.

We refer to *Tomlinson* v. *Matthews*, 98 Ill. 178, from which the following propositions are deducible:

*First*—Under the legislation of this State the common law disabilities of married women are completely changed, and the common law rights of the husband, in respect to his wife's property, have been abrogated. As respects her separate property the husband and wife stand before the law as strangers.

*Second*—A husband in failing circumstances may make a settlement upon his wife in payment of an indebtedness from him to her, if made in good faith and for a valuable consideration.

*Third*—The husband may prefer his wife, to the exclusion of other creditors, provided it is done in good faith and for a valuable consideration.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is contended by the appellant that the allegations in the answers of the two Kastens, that Carl Kasten, the husband, bought the original lot held by him with the money of Fredericka, his wife, and took the legal title in his name without her knowledge or consent, whereby he held the same in trust for her, are not responsive to the bill, which required sworn answers, and hence did not amount to evidence, but had to be proved, in order to show her equities, if any, and that without proof of such allegations the arrangement by which the legal title was transferred from the husband to the wife constituted a gift or voluntary settlement upon the wife, without any consideration to uphold the same as against creditors of the husband.

In the view we have taken of the case it is not necessary to decide whether the several averments in the answers are responsive to the bill or not, as, whether that be so or not, the decree dismissing the bill must be affirmed upon another ground. There is neither allegation nor proof of the insolvency of Kasten at the time of his conveyance to his wife. It is neither alleged nor proved that at that time he owed any debts whatever, or had any liability other than that upon the appeal bond in question. Nor is it alleged or proved that at that time he did not have property other than that conveyed to his wife, sufficient to meet the liability upon this appeal bond. In such case the conveyance, though voluntary, must be held valid. A voluntary settlement, otherwise good, will not be rendered invalid by an unsuccessful attempt to prove a valuable consideration. *Lucas* v. *Lucas*, 103 Ill. 121.

The owner of property may at any time give the same to any one he chooses, so long as he thereby injures no then existing creditor, and no subsequent creditor can call it in question, unless the donor is guilty of an actual fraudulent

intent, and such creditor is thereby injured. This follows from his·absolute dominion over his property, and the mere fact that he may be indebted is not alone sufficient to make a gift or voluntary conveyance by him inoperative. If there is no intention on his part to delay or defraud his creditors, the conveyance is not within the statute. Bump on Fraudulent Conveyances, (3d ed.) page 269, says: "It is not conveyances where a man owes that are prohibited, but conveyances with the intent or purpose to delay, hinder or defraud creditors,"—citing *Lyne* v. *Bank of Kentucky*, 5 J. J. Marsh. 545, *Clayton* v. *Brown*, 17 Ga. 217, *Taylor* v. *Eubanks*, 3 A. K. Marsh. 239, and *Hunter* v. *Waite*, 3 Gratt. 26. On page 275 the same author says: "The presumption of an intent to delay, hinder and defraud creditors, arising from a voluntary conveyance by a person who is in debt, is not conclusive, for such a conveyance is fraudulent only where it necessarily delays, hinders or defrauds them. * * * Indebtedness, therefore, is only one circumstance from which an inference of an intent to defraud may be drawn, and must be considered in connection with the donor's estate." Again, on page 275, he says: "It is accordingly settled that mere indebtedness alone is not sufficient to render a voluntary conveyance void, if the donor has ample means left to pay his debts." To the same effect may be found various decisions of this court. In *Moritz* v. *Hoffman et al.* 35 Ill. 553, the court say: "No creditor without a lien has any right to complain that his debtor is giving away property to his wife or children, unless such creditor can establish the fact that he has not retained enough to satisfy existing debts. Such grantor must make himself insolvent by such gifts or conveyances, and to impeach them, fraud must be charged and proved,"—citing *Wyck* v. *Seward et al.* 6 Paige, 62. In *Emerson* v. *Bemis*, 69 Ill. 537, the court say: "When there is no actual fraudulent intent, and the gift or provision made by a debtor to his wife or child is a reasonable one under the circumstances,

leaving ample property unincumbered for the payment of the party's debts, not materially lessening their *then* prospect of payment, the gift or provision will be sustained as valid." See, also, *Fanning et al.* v. *Russell et al.* 94 Ill. 386; *Patrick* v. *Patrick,* 77 id. 555; *Sweeney et ux.* v. *Damron et al.* 47 id. 450; *Mathews et al.* v. *Jordan et al.* 88 id. 602; *Lincoln* v. *McLaughlin,* 74 id. 11.

In this case the bill alleges the liability of Carl Kasten to complainant, as surety on an appeal bond, at the time of making the provision in favor of his wife, but does not charge that he was insolvent, or that such provision or gift rendered him insolvent or unable to meet all his legal obligations, or even that he owed any other persons. In the absence of an allegation to that effect, sustained by proof, it can not be presumed that any other debts of Carl Kasten then existed. (*Tunison* v. *Chamblin et al.* 88 Ill. 386.) As was said in the case of *Fanning et al.* v. *Russell et al. supra:* "Here, there is an entire want of evidence on the part of complainants to establish the fact that (Kasten) was insolvent when he executed the deed." For aught that is shown in the record, Kasten may have retained at the time ample means to have met this only liability shown. His conveyance was made July 19, 1879, and the complainant did not recover judgment on the appeal bond until on August 7, 1882, and the execution was not returned until October 5, 1882. He may have been perfectly solvent in July, 1879, and when he in fact became insolvent does not appear.

Perceiving no error, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*