## JOHANNA UHRE ET AL.

### V.

## ANTON MELUM.

</div>

CHANCERY.—As the creditor's bill does not aver that complainant was a creditor at the time of the conveyance of the property in question by the debtor to his wife, it is fatally defective.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed November 25, 1885.

This was a creditor's bill, brought by appellee against appellants in the Cook county Circuit Court. The bill alleges the recovery of a judgment by the complainant against Anders Uhre and Knud K. Forrast, at the May term, 1882, of said court for $430 and costs, the issuing of an execution thereon

June 19, 1882, which was returned Sept. 17, 1882, indorsed, "Defendant not found, no property found and no part satisfied;" alleges that Uhre is the owner of certain houses and lots, (describing them,) and is collecting the rents, although the title to the property stands of record in the name of Johanna Uhre, wife of Anders; avers that said Johanna has no title in equity to said property as against the creditors of said Anders, because it was conveyed to her by her husband without consideration; avers that at the time of said conveyance "said Anders was heavily indebted and was deemed insolvent," and such conveyance was made in fraud of the rights of his creditors, and to hinder and delay them.   The bill also called for a disclosure as to certain other matters.

Answers were called for under oath, and there was a general prayer for relief.

The defendants, Anders B. and Johanna Uhre, filed sworn answers, denying that Anders B. is the owner of the houses and lots in question, or that he has been collecting the rents of the same, or that he has any right or title in or to the same, legal or equitable, except his inchoate right of dower ; denies that the property was conveyed to the wife in trust for Anders, or to defraud, hinder or delay his creditors, and states fully the facts and circumstances under which the conveyance was made to her.   Replication to the answers was filed, and proofs were taken.

Upon a final hearing the court declared that the deed from Anders B. Uhre to Finney and from Finney to Johanna Uhre be set aside and canceled as to said complainant, and that the complainant's said judgment be declared a lien on said premises, etc.   The defendants, Johanna and Anders Uhre, bring the case here by writ of error.

Mr. H. B. Hurd, for appellants ; cited Merrell v. Johnsor, 96 Ill. 224; Koster v. Hiller, 4 Bradwell, 21; Bettinger v. Kasten, 111 Ill. 260.

Mr. I. K. Boyesen, for appellee.

Wilson, J.   The answers of the defendants having been put in under oath, were, so far as responsive to the bill, evidence

for the defendants, and were sufficient, we think, if not disproved, to have prevented the relief sought. The burden of disproving them was upon the complainant. After a careful consideration of the evidence, we should have much difficulty in holding, even if the complainant's case were free from obstacles in other respects, that the answers were overcome, corroborated as they were by other evidence. But as the case is to be reversed upon another ground, it is unnecessary to express a definite opinion on that subject in the present appeal.

There is no averment in the bill that the complainant was a creditor of the defendant, Anders B. Uhre, at the time of the conveyance of the property by him to Finney and by the latter to Johanna Uhre. It is a rule of general application in all pleadings, that the plaintiff must aver every material fact necessary to his cause of action. 1 Chit. Pl. 270. In Mitford and Tyler Pl. and Prac. in Eq., 152, it is said: "A bill of this nature must state the matter touching which a discovery is sought, the interest of the plaintiff and defendant in the subject, and the right of the first to require the discovery from the other."

In Montz v. Hoffman, 35 Ill. 533, and again in Merrell v. Johnson, 96 Ill. 224, the rule is stated thus: "To impeach such a conveyance successfully, it devolved upon the complainants to aver and prove that they were creditors at the time, and that the grantor was then insolvent, etc." See also, Koster v. Hiller, 4 Bradwell, 21.

Here there was not only no allegation that complainant was a creditor of Uhre at the time of the conveyance to the wife, but none that he was insolvent, unless the allegation that he "was heavily indebted and was deemed insolvent" is to be taken as an allegation of insolvency. By whom he was so "deemed" is not stated. A person may be heavily indebted and at the same time be entirely solvent.

We are of opinion that the bill was fatally defective in not averring that complainant was a creditor at the time of the conveyance of the property in question by Uhre to his wife. The decree is therefore reversed, and the cause remanded to to the court below.

Reversed and remanded.