Albert Piper et al., Appellants, v. William Taylor et al., Appellees.

Gen. No. 5486.

ATTACHMENT AND GARNISHMENT—*how fraud must be established.* If a conveyance urged as fraudulent does not so appear by the evidence the burden is upon the plaintiff to show that the defendant by such conveyance did actually render himself insolvent.

Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

JAY L. SPAULDING and IRA C. GIBONS, for appellants.

McENIRY & McENIRY and COLEMAN & COLEMAN, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

On June 1, 1909, William and Robert Taylor executed a note to Piper and Prutsman, partners, for $2200 due one year after date with interest at 6% in partial payment of an automobile to be used in their livery business at LaSalle, Illinois. The note was shortly afterwards endorsed by the payees and negotiated to the bank at Ohio, Illinois. About March 1, 1910, William Taylor sold out his interest in the livery business to Robert Taylor and moved to Iowa. The note, not being paid at maturity, the bank.called upon the endorsers to pay it. They paid the note and the endorsement was stricken off and the note delivered to them. On the refusal of Robert Taylor to pay the note. Piper and Prutsman brought this suit in attachment against the Taylors on June 7, 1910. The affidavit of attachment stated that the note was past due and not paid and that William Taylor was a non-resident of the state; that the Taylors were about

to remove their property from the state to the injury of their creditors; that they had within two years last past fraudulently concealed and disposed of their property to the detriment of their creditors and were about fraudulently to conceal, assign and otherwise dispose of their property so as to hinder and delay their creditors. The attachment was levied upon real estate belonging to the Taylors in LaSalle county and personally served on Robert Taylor and returned "not found as to William Taylor." On July 6, 1910, an automobile was seized by an attachment issued to the sheriff of Rock Island county. On July 10, 1910, Minnie Beverlin, a daughter of Robert Taylor, interpleaded, alleging that the automobile levied upon was, at the time it was seized, her property. A replication was filed to the interpleader denying that she was the owner of the automobile and re-asserting that it was the property of the Taylors and concluding to the country, to which a similiter was added. Upon a trial the jury returned a verdict finding the right of property and the right of possession thereto in the interpleader. Motions for a new trial and in arrest of judgment were denied, judgment was entered on the verdict, and Piper and Prutsman prosecute this appeal.

Appellees contend that the judgment should not be disturbed for the reason that the proof does not show the insolvency of Robert Taylor.

It appears from the evidence that Robert Taylor bought the interest of William in the livery stable and that he owned and operated it at the commencement of this suit, and the return on the LaSalle county writ shows a levy on the interest of both Robert and William Taylor in and to lot 1 and the east half of lot 2 in block 129 in the city of LaSalle, and there is no proof as to the value of either the livery business or the lot. There was no evidence tending to show that the Taylors owed any other debts; that either were insolvent or in failing circumstances, or

that the automobile constituted the bulk of Robert's tangible property, and for aught that appears in the testimony, they may have been entirely solvent and possessed of abundant property within the jurisdiction of the court of LaSalle county subject to execution. While there might be circumstances in the evidence calculated to excite suspicion that the sale of the automobile to appellee was fraudulent, still in the absence of all testimony that the automobile constituted the whole or chief part of Robert's property or that he was insolvent or in failing circumstances, there is no evidence at all tending to show that such sale would hinder or delay creditors. Appellants having failed to prove fraud in fact, the burden of proof devolved upon them to show that Robert Taylor rendered himself insolvent by transferring the automobile to his daughter or was, in fact, insolvent at that time, before appellants could establish presumptive or legal fraud. In passing upon this question in Moritz v. Hoffman, 35 Ill. 553, the court said: "No one will dispute the principle appellant seeks to establish, that a voluntary conveyance, when the grantor is indebted at the time of its execution, is presumptive evidence of fraud, and a fraudulent intent will be presumed from the fact that the party conveying was indebted at the time the conveyance was executed, and that as to pre-existing creditors, every conveyance not made on the consideration valuable in law, is void. The principle is thus broadly stated, but it is subject to some qualification; to this extent, at least, that the debtor retains in his possession property sufficient to discharge all debts existing at the time of making the conveyance alleged to be fraudulent. If this was not permitted, trade of every description would be very much crippled, and instead of there being an active interchange of property, the whole business of the country would stagnate. No creditor, without a lien, has any right to complain that his debtor is giving

away property to his wife or children, unless such creditor can establish the fact that he has not retained enough to satisfy existing debts. Such grantor must make himself insolvent by such gifts or conveyances, and to impeach them, fraud must be charged and proved." And in the same case the court also said: "To impeach such a conveyance successfully, it lies upon the complainant to aver and prove that he was a creditor at the time, and that the grantor was then insolvent, or such facts and circumstances as would authorize a court or jury to presume insolvency, none of which have been established in this case." This case was followed and approved in Merrell v. Johnson, 96 Ill. 224; Bittinger v. Kasten, 111 Ill. 260; Faloon v. McIntyre, 118 Ill. 292; State Bank of Clinton v. Barnett, 250 Ill. 312. In the Bittinger case it was said: "The owner of property may at any time give the same to anyone he chooses, so long as he thereby injures no then existing creditor,  *  *  *  and the mere fact that he may be indebted is not alone sufficient to make a gift or voluntary conveyance by him inoperative," and it was held: "If the creditor failed to aver and prove insolvency of the debtor at the time the conveyance was made, he was entitled to no relief." In passing upon the same question in Dimond v. Rogers, 203 Ill. 464, the court said: "In order to obtain relief it was necessary to prove a transfer which in fact or in law was fraudulent as to creditors, or in case of voluntary gift or conveyance to the husband, that the judgment debtor did not retain enough money or property to pay her debts."

It will thus be seen that it was necessary to prove the insolvency at least of Robert Taylor at the time the bill of sale of the automobile was made to his daughter. From the proof appearing in this record it might well be said that on May 24, 1910, when the bill of sale was executed to appellee, that Robert Taylor had retained abundant means to pay all his in-

debtedness.  If Robert Taylor retained sufficient property within reach of his creditors to satisfy all his existing debts then he had a right to transfer the automobile to his daughter.  Therefore, in the absence of proof of the insolvency of Robert Taylor, the verdict in favor of the interpleader was the only verdict which could have been sustained upon the evidence, and it is unnecessary to consider the errors assigned upon the instructions.

The judgment is affirmed.

*Affirmed.*