## Goldie Susman and Simon Susman, Appellants, v. Minnie Susman, Appellee.

Heard in this court at the October term, 1928. Opinion filed February 1, 1929.

Logan B. Skipper and White & Quindry, for appellants.

D. L. Duty and E. M. Spiller, for appellee.

Mr. Justice Newhall delivered the opinion of the court.

Appellants filed in the circuit court of Williamson county a creditor's bill against appellee, widow of Sam Susman, to set aside a deed, made to appellee by her husband during his lifetime, conveying a certain mercantile building property in Herrin, Illinois, in

which bill appellants charged that the conveyance was made to defraud creditor, including appellants. Appellee filed an answer denying the indebtedness of Sam Susman to appellants and averring that the conveyance was made for valuable consideration. Cause was heard before the chancellor and after hearing, a decree was entered dismissing appellants' bill for want of equity.

The amended bill of complaint charged that Sam Susman was on January 5, 1925, indebted to appellant Goldie Susman in the sum of $3,664.50, evidenced by promissory note of that date due six months after date, which note was signed by Sam Susman in the name of B. & S. Susman, Inc., by Sam Susman, which note was alleged to be a personal obligation of Sam Susman for money loaned him by appellant Goldie Susman and that there did not exist any corporation by that name at the time the note was signed.

Bill further alleged that on January 8, 1925, said Sam Susman was indebted to appellant Simon Susman in the sum of $2,000 for which he gave his personal note; that on April 23, 1926, Sam Susman also executed a note for $325 payable to a bank in Centralia which had been indorsed by appellant Simon Susman; that appellant Simon Susman was afterwards compelled to pay a judgment rendered on the note given to the bank.

Bill further alleged that Sam Susman died May 25, 1926, and that his estate is insolvent; that by reason thereof appellants were unable to collect the money due them; that previous to the execution of said notes Sam Susman was the owner of a mercantile brick building valued at $35,000 in Herrin, Illinois, subject to a mortgage of $10,000; that on January 24, 1925, said Sam Susman transferred the Herrin property to his wife (appellee); that at the time of the transfer the said Sam Susman was indebted to appellants and he made the conveyance to his wife with intent to defeat, hinder and delay his creditors.

From the evidence appearing in the record it appears that prior to January 24, 1925, the deceased Susman was in the mercantile business at Herrin, Illinois, and that he owned an equity in his home valued at about $6,000, together with a $10,000 stock of merchandise located in the building on the premises in question; that shortly thereafter the deceased Susman sold his home and stock of merchandise and removed to St. Louis where he and his wife were living at the time the deed in question was made.

Proof offered on behalf of appellee tends to show that appellee had been a stenographer in St. Louis and had accumulated about $2,000 before she married the deceased; that prior to her marriage her father had given her a wedding gift of $5,000, and on other occasions, after her marriage, other sums of money which she claims to have loaned her husband for use in his business; that on the 24th of January, 1925, the husband of appellee in order to reimburse her for the loans which she had made her husband, executed and delivered the deed in question; that appellee's husband removed to St. Louis and he thereafter engaged in the mercantile business operating a chain of stores in St. Louis, Missouri, and in East St. Louis, Illinois, two of which stores were known by the name of "Nancy Shoppes" and the other was known as the "B. & S. Susman, Inc." The husband of appellee continued in this business until about four months prior to his death when he moved to Marion, Illinois, and engaged in business under the trade name of "Shirley Shoppe."

After the death of Sam Susman on May 25, 1926, his estate was probated in the county court of Williamson county and claims aggregating about $17,000, including those of appellants, were filed and allowed against the estate, with inventoried assets of about $3,800.

The credible proof in the record tends to show that the value of the property in question is about $17,000, subject to a $10,000 mortgage. Appellants contend

that the decree of the court below is contrary to the evidence. It is further urged on behalf of appellants that at the time Sam Susman made the deed in question, he owned no property of any value except the property that he conveyed to his wife, and when he conveyed away this real estate he was heavily indebted and rendered himself insolvent and unable to pay his debts. It is further contended by appellants that the debts owed to appellants were sufficient in amount to afford reasonable evidence of a fraudulent intent, and that appellants were not obliged to show the absolute insolvency of Sam Susman at the time of the making of the deed in question.

Appellee contends that the decree should be affirmed because the bill does not aver the insolvency of the deceased Susman at the time of the execution of the deed in question; that the preponderance of the proof does not show that the grantor Susman was insolvent, and, further, that the proof shows there was adequate consideration for the conveyance, and that there was no fraud or bad faith on the part of appellee.

Even though it be said, as urged by appellants, that we should disregard the testimony of appellee as to the alleged loans to her husband, and that such were not made with the understanding of creating a valid and subsisting debt, yet the record does not disclose any fraud, in fact, in reference to the conveyance of the property in question to appellee. If there be any fraud, it is only such fraud as is presumed by reason of the making of the deed under such circumstances as in law should be held to be a voluntary gift. The elements of what constitute presumptive fraud were considered by the Supreme Court in the case of *State Bank of Clinton v. Barnett,* 250 Ill. 312, 317, where it was said:

"In order to constitute presumptive fraud, or fraud in law, in such a case, three elements must be proven: First, there must be a voluntary gift; second, there

must be a then existing or contemplated indebtedness against the donor; and third, it must appear that the donor did not retain sufficient property to pay her indebtedness.''

The Supreme Court in the foregoing case quoted from the case of *Bittinger v. Kasten,* 111 Ill. 260, and it was said:

''The owner of property may at any time give the same to anyone he chooses, so long as he thereby injures no then existing creditor, . . . and the mere fact that he may be indebted is not alone sufficient to make a gift or voluntary conveyance by him inoperative.'' -

And it was held that if the creditor failed to aver and prove insolvency of the debtor, at the time conveyance was made, he was entitled to no relief. In passing upon the same question in *Dimond v. Rogers,* 203 Ill. 464, it was said:

''In order to obtain relief it was necessary to prove a transfer which in fact or in law was fraudulent as to creditors, or in a case of a voluntary gift or conveyance to the husband, that the judgment debtor did not retain enough money or property to pay her debts.''

The Supreme Court further held in the *Barnett* case that it was necessary to both aver and prove the insolvency of the grantor at the time of the making of an alleged gift and that the proof of insolvency three years after the making of a gift was insufficient to prove insolvency at the time of the making of the transfer.

The bill in the instant case does not charge that Sam Susman was insolvent when he made the conveyance to appellee on January 24, 1925, and that he did not then retain sufficient property to pay his creditors. The proof tends to show that Sam Susman had more than sufficient property at the time of the making of the conveyance to pay his then existing creditors. We

cannot conclude from the mere fact that his estate was insolvent that the deceased was also insolvent at a period more than 16 months prior thereto, in the absence of some definite showing as to when the debts filed against the estate were incurred. Particularly so, where the nature, extent and value of the grantor's various property interests, at or about the time of the making of the conveyance in question, was not shown by competent proof in the record. The alleged insolvency of the grantor Sam Susman was a necessary averment in the bill which would require affirmative proof in support thereof in order to warrant the relief prayed for in the bill, in the absence of proof of actual fraud in the making of the deed in question.

For the reasons aforesaid the decree of the court below is affirmed.

*Affirmed.*