W. E. Knowles, Appellant, v. Ada S. Crow and Ada S. Crow, Administratrix of the Estate of George A. Crow, Deceased, Appellees.

Opinion filed March 4, 1937.

P. K. JOHNSON, of Belleville, for appellant, and W. E. KNOWLES, of East St. Louis, *pro se.*

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of St. Clair county dismissing a creditor's bill for want of equity. The bill was brought by W. E. Knowles, appellant, against Ada S. Crow, and Ada S. Crow, administratrix of the estate of George A. Crow, deceased, appellees.

The bill alleged that George A. Crow, deceased, was, in his lifetime, and at the date of his death, May 25, 1929, indebted to W. E. Knowles in the sum of $600, with interest at six per cent per annum from September 28, 1921, which indebtedness was evidenced by a promissory note dated June 30, 1921, payable 90 days after date; that Ada S. Crow was appointed administratrix of the estate of George A. Crow; that the claim of W. E. Knowles was allowed in the probate court of St. Clair county against the said estate in the sum of $913 on July 12, 1930; that no part of the award has been paid; and that the final report of the administratrix shows that there are no funds in the estate out of which to pay any part of the award.

The bill alleged that Ada S. Crow was the wife of George A. Crow, and that they resided together as husband and wife continuously for more than 15 years preceding the death of George A. Crow.

It was alleged that on December 5, 1912, George A. Crow, being the owner of certain real estate of the value of $18,000 occupied by himself and his wife as a homestead, conveyed the real estate, his wife joining in the deed, to a trustee for the purpose of having the real estate reconveyed to George A. Crow and Ada S. Crow as joint tenants; that the trustee on the same day fulfilled the trust and reconveyed the real estate to George A. Crow and Ada S. Crow as joint tenants; that both conveyances were made without any valuable consideration; and that after the conveyances George

A. Crow and Ada S. Crow continued in possession of the premises as before.

It was further alleged that after the debt to complainant was incurred, George A. Crow, *being insolvent except for his interest in the real estate as a joint tenant,* made large payments for the upkeep of the premises and for taxes, insurance and improvements, the said expenditures for improvements amounting to $3,000.

It was further alleged that after the debt to complainant was incurred George A. Crow, *being insolvent except for his interest in the real estate as a joint tenant,* paid large sums of money for premiums on life insurance policies in which his wife, Ada S. Crow, was named beneficiary.

The bill further alleged that George A. Crow between the date the indebtedness was incurred and the date of his death occupied public office as a circuit judge, and for two years as a commissioner of the Supreme Court of Illinois; that during said time George A. Crow, *being insolvent except for his interest in the real estate as a joint tenant,* turned over to his wife and without consideration, and as a gift, one-half of the salary received from both of the offices aforesaid; and that during such time George A. Crow turned over to his wife "a large amount of other chattels and goods the exact nature and kinds of goods and chattels, being unknown."

The bill also alleged that the transfers of property were not in writing and acknowledged and recorded in the same manner as chattel mortgages are required to be acknowledged and recorded under the statutes of the State of Illinois; and that the aforesaid transfers resulted in George A. Crow not retaining at the time of his death sufficient property to pay his debts and resulted in the enrichment of Ada S. Crow at the

expense of complainant and the other creditors of George A. Crow.

The bill prayed for discovery of every transfer to and payment for the benefit of Ada S. Crow in respect to the matters alleged, and that a lien be decreed against the real estate for the amount due complainant.

The respondents, appellees, filed a general and special demurrer to the bill. The circuit court sustained the demurrer and dismissed the bill. Complainant, appellant, elected to stand by his pleading.

The law is well settled that no creditor has any right, in the absence of a lien, to complain that his debtor is giving away his property to his wife or children unless such creditor can establish the fact that the debtor has not retained sufficient property to satisfy existing debts. *State Bank of Clinton v. Barnett,* 250 Ill. 312. Where there is no actual fraud it is essential that the creditor allege and prove that the donor was insolvent at the time the conveyance was made. *Ebers v. Reckenberg,* 213 Ill. App. 454. An averment that George A. Crow's estate was insolvent does not constitute an averment that George A. Crow was insolvent in the years preceding his death. *Susman v. Susman,* 251 Ill. App. 392. Insolvency signifies the financial condition of a person whose entire estate if converted into money without unreasonable haste or sacrifice would not suffice to discharge his debts.

Applying these principles to the bill in this case we find no theory upon which it may be maintained that the transfer of real estate alleged in the bill constituted a fraud upon creditors. There is no allegation of the financial condition of the grantor at the time this transfer was made. There is not any indication of the indebtedness of George A. Crow in addition to that owed complainant. The allegation that

George A. Crow was insolvent except for his interest in the real estate (which interest could of course be sold or levied upon) is simply an averment that George A. Crow was insolvent, except for $9,000.

The cases of *National City Bank v. Cowdin,* 257 Ill. App. 369; *Wojtas v. Rachel,* 267 Ill. App. 148, and *McKey v. Cochran,* 262 Ill. 376, cited by appellant, do not support appellant's position. In the first case above the existence of debts previous to the conveyance, was shown. In the other two cases above a secret trust was shown to exist.

The summary of the bill which we have set forth above clearly shows that the complete failure to allege insolvency permeated the bill and every transaction alleged in the bill.

The question is presented whether the payment of insurance premiums, and the payment of one-half of the salary earned by the decedent, the said payments not being set down in writing and recorded in the manner required in the case of chattel mortgages, constituted transfers which were void as to creditors, irrespective of the transferor's solvency. While it is the court's view that the purpose of section 9, chapter 68, Illinois Revised Statutes (Ill. State Bar Stats. 1935, ch. 68, ¶ 9; Jones Ill. Stats. Ann. 64.09) is to prevent the defrauding of creditors through reliance upon apparent ownership of tangible chattels, it is only necessary to decide here that the statute does not contemplate the impractical and unfair result here sought. The rule which appellant contends ought to be applied here would make the validity of every expenditure of a solvent man for the benefit of his wife wherever such expenditure resulted in financial benefit to her, contingent upon his leaving a solvent estate at his death.

There remains only the question of the sufficiency of the averment above set forth with respect to the

transfer of "unknown" goods and chattels. The fact that a creditor's bill entitles the complainant to the incidental relief of discovery, does not relieve complainant of the necessity of making definite allegations of fact. That is a primary requirement of the rules of pleading. *Babcock v. Chicago Rys. Co.*, 325 Ill. 16, on 35. Even gifts of necessary wearing apparel would be included in the averments of this bill.

The case of *McCarthy v. Chicago Title and Trust Co.*, 264 Ill. App. 423, cited by appellant, is not similar to the one here presented. There the bill alleged the transfer to a particular person of a definite number of bonds of a definite issue. The amount and serial number of the bonds were given in the complaint in that case.

In our opinion the foregoing defects in the bill require us to sustain the action of the circuit court. It will not be necessary to consider the additional reasons given in support of the demurrer.

The decree of the circuit court of St. Clair county dismissing the bill for want of equity will be affirmed.

*Affirmed.*