## Samuel Joiner et al. v. Hiram R. Fowler et al.

BILL OF COMPLAINT—*when deemed abandoned.* Where an original bill is not amended but an entirely new bill filed, the original bill is deemed to have been abandoned.

Bill in chancery. Error to the Circuit Court of Hardin County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

WHITLEY & SOMERS, for plaintiffs in error.

H. ROBERT FOWLER, for defendants in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery by plaintiffs in error, in the Circuit Court of Hardin county. The record discloses an original bill and an amended bill. A temporary injunction was granted in accordance with the prayer of the original bill, restraining appellees from levying a certain execution upon the property of plaintiffs in error, until the further order of the court.

At the following March term of the Hardin county Circuit Court, defendants in error appeared, and on March 27 moved the court to dissolve the injunction and dismiss the bill, and on March 30 amended their motion by specifying a number of causes, one of them being: "Because of want of equity appearing upon the face of the bill." On the same day plaintiffs in error entered a cross-motion for leave to amend the bill and affidavit. The cross-motion was by the court denied, and plaintiffs in error excepted. "Thereupon it is ordered by the court that the motion to dissolve the injunction heretofore entered by the defendants, be allowed, and it is therefore ordered, adjudged and decreed by the court that the bill be. and the same is hereby dismissed." To which order and decree plaintiffs in error excepted.

For some reason not anywhere shown in this record, all parties appear to have considered that the above recited proceedings and the above quoted order and decree of the court did not finally dispose of the case; and so thereafter, "and thereupon, the defendants then and there demurred to the bill of complaint filed here which demurrer is by the court sustained, and leave is given to the complainants to amend their bill within thirty days from this date, and to file the same in this court. It is further ordered, adjudged and decreed by the court that the execution and all the proceedings by the defendants, against the complainants, in a

certain judgment of defendants against the complainants, be, and the same is hereby ordered staid, and that no proceedings to enforce the said judgment of the defendant, Hiram R. Fowler, against the complainants, Samuel Joiner, John Joiner and James Joiner, be had until further order of this court. It is further ordered, adjudged and decreed by the court that the complainants within ten days, file bond in the sum of one hundred and fifty dollars, conditioned for the payment of said judgment, which bond is to be approved by the clerk of this court, on the failure of complainants to prosecute their suit herein with effect. Come also defendants and file suggestion of damages herein. It is further ordered, adjudged and decreed by the court that this cause be, and the same is hereby continued until the next term of this court."

A bond was filed in pursuance of the above order, but no attempt was made further to amend the original bill. An entirely new bill was filed, styled, "this their amended bill," and addressed, "To the September term A. D. 1905." The original bill may be classified as a bill in chancery for a new trial in a case at law in which judgment had been rendered at a previous term. It contained a specific alternative prayer that the "said judgment be vacated," and that the court "grant to orators (plaintiffs in error) a new trial in said cause."

The amended bill tenders a specified sum as the amount equitably due from plaintiffs in error to defendant in error Fowler, on a judgment rendered in favor of Fowler, against plaintiffs in error, in the Circuit Court of Hardin county, at its March term, 1904, and prays for a perpetual injunction as to the residue of the judgment. At September term, 1905, the amended bill was amended, by leave of the court. And thereupon, "came again defendants and entered their motion to dissolve the injunction and dismiss the amended bill as amended from the files, for want of equity on the face of the bill. Which said motion to strike the amended bill as amended from the files, dissolve the injunction and dismiss the bill is by the court allowed." This is followed

Joiner v. Fowler.

by an order dissolving the injunction and dismissing the bill.

This case involves less than thirty dollars, and was drawn out to extreme length, in the matter of pleadings, amendments, motions and orders. The record discloses many irregularities and defects which we do not deem of sufficient general importance to call for mention here. In connection with the order dissolving the injunction granted on the original bill the court entered an order dismissing the bill. If the case had rested there it would have been in line with the ordinary procedure in such cases. But after the court had dismissed the bill, defendants in error demurred to the bill. The court entertained the demurrer and sustained it, and thereupon granted plaintiffs in error leave to amend within thirty days. Then follows the above quoted stay order, entered in anticipation of some amendment to be made within the time given. Thus clearly retaining jurisdiction of the cause, and of the original bill, at the instance of all parties, notwithstanding a prior order dismissing the bill. So we are disposed to ignore the order dismissing the original bill, and to hold that the operation of the order dissolving the injunction was arrested by the stay order made in connection with the leave to amend the original bill.

The original bill was not amended however, and we are inclined to the view, that by failing to amend the original bill and by filing an amended bill, plaintiffs in error abandoned their original bill and transferred their whole cause of action to and merged it in the amended bill. In Foster v. Adler, 84 Ill. App., 654, the court says: "The original declaration was, so to speak, out of the case when the amended declaration was filed, by reason of a general demurrer having been sustained to it," and no amendment of it having thereafter been made. "The amended declaration can no more be aided by the original declaration, to which a general demurrer was sustained, than it can be made defective by anything which was therein contained."

The decree of the Circuit Court is affirmed.

*Affirmed.*