Edward N. Wright, Trustee of the Bankrupt Estate of Edgar D. Risser, Appellant, v. Edgar D. Risser et al., Appellees.

Gen. No. 9,169.

Opinion filed May 18, 1937.   Rehearing denied June 21, 1937.

H. H. Whittemore and Benjamin Gower, both of Kankakee, for appellant.

W. H. Dyer and Eva L. Minor, both of Kankakee, for certain appellees.

Mr. Justice Dove delivered the opinion of the court.

On August 4, 1936, Edward N. Wright, as trustee of the bankrupt estate of Edgar D. Risser, filed in the circuit court of Kankakee county his verified third amended complaint against the said Edgar D. Risser, his wife Blanche C. Risser, his daughters Mariam E. Risser and Isabel Risser Gathany and William V. Gathany, the husband of Isabel Risser Gathany. This amended complaint also named Warren R. Hickox, as trustee of certain trust deeds executed by the said Mariam E. Risser, Edgar D. Risser, Blanche C. Risser, Isabel Risser Gathany and William V. Gathany as a defendant and also made the unknown owner or owners of the several notes which said trust deeds were given to secure a party or parties defendant.

This amended complaint alleges the adjudication of the said Edgar D. Risser as a bankrupt on May 1, 1934, by the United States District Court for the Western District of North Carolina and the appointment of the plaintiff as the trustee of his estate, avers his qualification as trustee and alleges that said bankruptcy proceeding is still pending, and that the plaintiff is acting as such trustee. The complaint further alleges that the assets of the bankrupt estate are insufficient to pay the creditors; that the assets which have come into his possession are of no value and that the scheduled liabilities, in addition to the cost of administration, amount to $14,845.95; that one of the liabilities scheduled by said Risser in said bankruptcy proceeding is a judgment obtained by the Bishopp Cereal Company in the circuit court of Iroquois county, Illinois, on January 16, 1932, against said Edgar D. Risser for the sum of $12,577.66; that said judgment is in full force and remains unsatisfied except as to the sum of

$3,000; that on January 16, 1932, the said Risser perfected an appeal from said judgment to this court; that this court subsequently affirmed said judgment and at the October Term, 1933 of the Supreme Court of Illinois a writ of certiorari to review said judgment was denied by said Supreme Court; that said suit against said Risser was commenced in 1921 and said judgment was rendered upon a liability of Risser incurred prior to that date; that on January 5, 1934, Risser resided in Evanston, Cook county, Illinois; that a transcript of said judgment was duly filed in the office of the circuit court of the county where he then resided; that an execution was issued thereon and a demand made under said execution by the sheriff of said county; that the same was not satisfied and the execution was duly returned by the sheriff of said county on April 5, 1934 unsatisfied. The amended complaint then alleged that Edgar D. Risser and Blanche C. Risser are husband and wife; that Mariam E. Risser is a spinster and the daughter of Edgar D. Risser and Blanche C. Risser; that Isabel Risser Gathany is also their daughter, and that William V. Gathany is her husband.

This amended complaint then averred that after the liability of the said Edgar D. Risser to the Bishopp Cereal Company had been incurred and during the time that said suit was pending, but before judgment was rendered, the said Edgar D. Risser owned various tracts of real estate in Kankakee county, which tracts were specifically described; that he also owned two tracts of real estate located in Cook county, Illinois, which were also specifically described; that he also owned one residence property described as No. 12 Annandale avenue in Asheville, Buncombe county, North Carolina, and five specifically described tracts of farm land located in Cass county, North Dakota. This amended complaint then averred that while this

suit was pending, Risser transferred and conveyed all of said real estate to members of his family for the purpose of impairing the rights of his creditors and in rendering himself ostensibly insolvent. This complaint then set forth the dates of the several conveyances, the names of the grantors and grantee or grantees and specifically described the various tracts conveyed and averred that after the several conveyances were made, the grantees therein incumbered the land conveyed to them located in Kankakee county, Illinois, to Warren R. Hickox, trustee, to secure the payment of notes aggregating $8,000.

This amended complaint then alleged that at the time said conveyance was made of the Cass county, North Dakota land, 640 acres thereof were free from any lien or incumbrance but that 960 acres were incumbered. The amended complaint then averred that the plaintiff was informed and believed and charged the fact to be that the grantees in all of said conveyances were mere volunteers; that said conveyances by the said Edgar D. Risser were entirely voluntary, mere shams, made without any consideration and for the deliberate and fraudulent purpose of defrauding his creditors, including said judgment creditor and for the purpose of impairing their rights and in order to make the said Edgar D. Risser ostensibly insolvent; that said conveyances did impair the rights of all of said creditors, did render said Risser ostensibly insolvent; that said grantees are not the bona fide legal holders of the real estate described therein but that said real estate is now held by the said Mariam E. Risser, Isabel Risser Gathany and William V. Gathany in trust for said Edgar D. Risser or for his use and benefit and for the purpose of defrauding the creditors of the said Edgar D. Risser out of their just demands; that said Mariam E. Risser, Isabel Risser Gathany and William V. Gathany had full knowledge thereof and acquiesced,

co-operated and participated therein and that said real estate belonged to said Edgar D. Risser when he filed his said petition in bankruptcy and should have been scheduled by him as his assets; that the incumbrances placed thereon were a part of said scheme and plan, were mere shams and were not given to secure any bona fide indebtedness but were intended to and did impair the rights of the creditors of the said Edgar D. Risser and were and are a fraud against said creditors and the said conveyances and incumbrances should be set aside and the title to said real estate confirmed in the plaintiff as trustee in bankruptcy. This amended complaint then alleges that the plaintiff is informed and believes and he therefore charges the fact to be that the notes purported to be secured by said trust deeds are held by some of the defendants but that they may have been sold, assigned or disposed of and if so, the owner or holders thereof are unknown to the plaintiff and said holders and owners are therefore made defendants as "unknown owners"; that the bona fides of the transactions and the considerations therefor, if any, are peculiarly and solely within the knowledge of the defendants Edgar D. Risser, Blanche C. Risser, Mariam E. Risser, Isabel Risser Gathany and William V. Gathany and the plaintiff has not and cannot obtain knowledge thereof unless said defendants are required to discover the same. The amended complaint specifically prayed that the conveyances of the Kankakee county and Cook county, Illinois properties and the Cass county, North Dakota and the Asheville, North Carolina properties may be set aside and the defendants be required to execute conveyances to the plaintiff therefor; that likewise the trust deeds covering the Kankakee county property be set aside; that the plaintiff have such other and further relief as equity may require; that the defendants Edgar D. Risser and Blanche C. Risser each answer some 22 specific inter-

rogatories propounded to each of them; that the defendant Mariam E. Risser likewise be required to answer 22 specific interrogatories and that the defendants Isabel Risser Gathany and William V. Gathany each answer 10 specific interrogatories propounded to them. Personal service was had upon Edgar D. Risser, Blanche C. Risser, Isabel.Risser Gathany, William V. Gathany and Warren R. Hickox, trustee, and service by publication had as to the defendants Mariam E. Risser and the "unknown owners."

The sufficiency of this amended complaint was challenged by a motion by the defendants personally served to dismiss. This motion was sustained, the amended complaint dismissed and the plaintiff appeals.

Counsel for appellees insist that the original, first and second amended complaints are a part of the third amended complaint and that the court should consider the sufficiency of the third amended complaint in the light of the allegations contained in the original, first and second amended complaints, and that the original complaint and the first, second and third amended complaints all constitute plaintiff's statement of his cause of action.

The third amended complaint was complete in itself and does not refer to or adopt any portion of either the original complaint or the first or second amended complaints. "An amendment which is complete in itself and does not refer to, or adopt, the prior pleading, supersedes it and the original pleading ceases to be a part of the record, being in effect abandoned, or withdrawn, and become *functus officio,* with the result that the subsequent proceedings in the case are to be regarded as based upon the amended pleading, which will not be aided by anything in the prior pleadings, and any ruling of the court with relation to the sufficiency of the original pleadings is not properly in the record." 49 C. J. 558, sec. 773. The author of

the article on "Equity" in 21 C. J. 532, sec. 640, after stating that an amended bill is considered as a continuation of the original bill and with the original bill constitutes but a single bill and one record goes on to say that "An amendment may, however, be so framed as to become a substitute for all that has gone before and become the only bill before the court. An original bill may be entirely superseded by an amended bill which in effect is a new original bill." In *Bradish v. Grant,* 119 Ill. 606, 611, the court said: "The amendment of a bill does not put two bills into the case. There remains afterward but one bill, the bill as amended. . . . An amended bill is considered as an original bill." In *Joiner v. Fowler,* 133 Ill. App. 38, the court said that by filing an amended bill, the complainants abandoned their original bill and transferred their whole cause of action to and merged it in the amended bill. In *Benjamin v. Manufacturers' Terminal Co.,* 246 Ill. App. 590, this court held that when an amended bill is filed by leave of court, there are not two bills then pending but that the amended bill is then considered as the original bill. The only pleading therefore before the chancellor or to be considered by this court is the sufficiency of the third amended complaint, which was filed by leave of court after the chancellor had held the original, first and second amended complaints insufficient.

Counsel for appellees, while conceding that a trustee in bankruptcy may sue to recover assets belonging to him as trustee and may set aside conveyances which are constructively fraudulent as to creditors, insist, however, that this amended complaint is insufficient because it contained no allegation that any claims of creditors had been allowed in the bankruptcy proceeding and calls our attention to *McKey v. Smith,* 255 Ill. 465, where it was held that the trustee in bankruptcy can only apply the assets upon allowed claims and that

unless it appears from the allegations and proof that the property sought to be reached is needed to pay such claims, the trustee has no right to have such conveyances set aside. This point was not raised by appellees in their motion to strike and must be considered as waived, *Hitchcock v. Reynolds,* 278 Ill. App. 559, but it will be noted that in the instant amended complaint it was specifically alleged that the bankrupt scheduled his own liabilities in the sum of $14,845.95 and averred that included in those liabilities is the judgment of the Bishopp Cereal Company obtained against the bankrupt on January 16, 1932, for $12,577.66, and that no assets have come into the possession of the trustee with which to pay these liabilities. In view of the record we are clearly of the opinion that there is no merit in this contention of appellees.

The chancellor held and counsel for appellees insist in this court that the amended complaint is insufficient because it contains no allegation that Risser was insolvent at the time the several transfers set forth in the amended complaint were made. In support of this contention *State Bank of Clinton v. Barnett,* 250 Ill. 312, *Susman v. Susman,* 251 Ill. App. 392, and *Moritz v. Hoffman,* 35 Ill. 553, are relied upon. Counsel for appellant call our attention to *Birney v. Solomon,* 348 Ill. 410, while counsel for appellees argue that the *Birney* case is distinguishable because in that case the sufficiency of the complaint was not attacked but what the court said in its opinion had to do with the proof as to the sufficiency of the evidence tending to prove insolvency.

In *Birney v. Solomon, supra,* it appeared that the Alexander County National Bank of Cairo had filed a creditor's bill against Jacob Solomon and his wife Hazel Solomon to set aside a deed executed by Solomon and his wife to Alexander Wilson and to set aside

a deed executed by Wilson to Hazel Solomon. Jacob Solomon was afterward adjudged a bankrupt and his trustee in bankruptcy was substituted as the complainant. In the course of its opinion, which affirmed the decree of the lower court which set aside the deeds and vested the title to the premises in the trustee in bankruptcy, the court said: ''Plaintiff in error insists that a creditor's bill cannot be maintained to set aside a deed unless there is a positive showing of the grantor's insolvency. The established rule in this State does not require proof of actual insolvency in order to render a voluntary conveyance void, especially when the conveyance is between husband and wife or parent and child. The true test in determining the validity of a voluntary conveyance as against creditors in such a case is whether or not it directly tended to or did impair the rights of creditors. It is of no moment that the property remaining in the grantor's hands after the conveyance was in nominal value more than equal to the amount of his indebtedness if subsequent events show that the property retained was not sufficient to discharge all his liabilities. (*Hockett v. Bailey,* 86 Ill. 74; *Hauk v. VanIngen,* 196 id. 20; *Patterson v. McKinney,* 97 id. 41.) The doctrine is firmly declared to be that one must be just before he is generous. What may be in the mind of the grantor when he makes a voluntary conveyance to his wife or child is immaterial, for if it results in hindering, delaying or defrauding creditors it must be regarded as fraudulent. A donor may make a conveyance with the most upright intentions, and yet, if the transfer hinders, delays or defrauds his creditors it may be set aside as fraudulent. (*Marmon v. Harwood,* 124 Ill. 104; *McKey v. McCoid,* 298 id. 566.) Of such force is this rule that where one is found to be insolvent after having made a voluntary conveyance to his wife the burden of dispelling the implication of fraud as against pre-existing creditors

is upon his grantee. *Dillman v. Nadelhoffer*, 162 Ill. 625; *Moritz v. Hoffman*, 35 id. 553; *Patterson v. McKinney, supra.*"

This authority holds that in order to render a voluntary conveyance void as against creditors, especially where the conveyance is between husband and wife, proof of actual insolvency of the grantor is not required. If such proof therefore is not required upon the hearing, certainly the plaintiff in such a proceeding is not required to allege in his complaint anything in addition to what, upon the hearing, he would be required to prove. In our opinion, the allegations of the amended complaint here challenged were sufficient to have required appellees to answer. The chancellor erred in sustaining the motion to strike and in dismissing the third amended complaint. The order dismissing this complaint is reversed and the cause is remanded to the circuit court of Kankakee county with directions to overrule appellees' motion to dismiss.

*Reversed and remanded with directions.*