## Lester H. Robbins, Appellant, v. Millikin National Bank of Decatur et al., Appellees.

### Gen. No. 9,575.

Opinion filed March 12, 1948. Rehearing denied May 4, 1948. Released for publication May 5, 1948.

ROSENBERG & ROSENBERG, of Decatur, for appellant.

Boland & Delahunty and LeForgee & Samuels, all of Decatur, for appellees.

Mr. Justice Hayes delivered the opinion of the court.

H. Frank Robbins died intestate in Decatur, Illinois on September 27, 1942. He left him surviving certain nieces and nephews and plaintiff Lester H. Robbins. Plaintiff was the son of Joseph E. Cassidy but had been taken by Robbins and his wife, who had no children, into their home when he was two years old and was raised by them to manhood. Robbins left as part of his estate the contents of a safety deposit box in the Millikin National Bank of Decatur valued at forty five thousand dollars. This plaintiff claims.

Plaintiff filed suit in the circuit court of Macon county on February 3, 1943, against the bank to recover the contents of the deposit box. Thereafter the public administrator as administrator of Robbins estate obtained leave to intervene. The bank filed a motion to strike the entire complaint which was sustained by the court.

On August 17, 1943, plaintiff filed an amended complaint which was also dismissed on motion and leave granted plaintiff to file a second amended complaint. This complaint made the bank, the administrator of Robbins estate and the Robbins heirs defendants and contained three counts. The first alleged that Robbins and his wife agreed with plaintiff's natural parents that they would adopt plaintiff, that they repeatedly stated that they intended to adopt plaintiff and that they desired plaintiff to have all their property. The prayer requested the court to declare plaintiff to be Robbins' legally adopted child.

Count II alleged that on numerous occasions after the death of his wife, Robbins told plaintiff that he wanted him to have all his property; that he gave plaintiff a power of attorney to enter his deposit box;

that he gave him by warranty deed certain real estate; that on March 30, 1942, the same day the deed was executed, Robbins took plaintiff to the bank, showed him the contents of the deposit box, told him that everything was his and delivered to plaintiff the key to the box. In this count plaintiff prayed the court to decree that title to the contents of the box was in him.

Count III was directed against the bank realleging most of the allegations of Count II and prayed that the court be compelled to turn the contents of the deposit box over to the plaintiff.

Motions to strike by the various defendants were denied as to Count I but were sustained as to Counts II and III. Thereafter plaintiff filed his third amended complaint with additional counts II and III. Count II alleged the gift of the contents of the box to plaintiff and demanded judgment against the bank for fifty thousand dollars for failure to deliver the contents of the box to plaintiff. Count III realleged the gift and prayed that the contents of the box be decreed to be plaintiff's. Motions to strike these counts were allowed and then plaintiff filed his fourth amended complaint. This consisted of two additional counts labeled II and III. Both of these counts were similar to Counts II and III of the third amended complaint. When these were stricken plaintiff finally filed his fifth amended complaint consisting of three additional counts which were likewise stricken on motion.

Count I of the second amended complaint and the answers thereto which the various defendants had filed were referred to the master in chancery for proof. At the hearing and at the conclusion of plaintiff's evidence the defendants moved that the master find in their favor or in the alternative that the complaint be dismissed for want of equity. The master did not rule upon these motions but referred them to the court together with a report of the evidence and his findings

thereon. The court sustained defendants' motion to dismiss, and plaintiff has appealed to this court.

Plaintiff has assigned as error the orders of the trial Court dismissing Counts II and III of the second amended complaint and the third, fourth and fifth amended complaints. As to the rejected portion of the second amended complaint and the third and fourth amended complaints, plaintiff has no cause now to complain. By pleading over in each instance he waived any error that the trial court may have committed. *Wright v. Risser,* 290 Ill. App. 576, 8 N. E. (2d) 966.

While plaintiff has noted in his assignment of error the striking of the fifth amended complaint he nowhere in his argument discusses the issues raised by that pleading and the motion to strike made by defendants. True, he calls to our attention *Oliver v. Crook,* 321 Ill. App. 55, 52 N. E. (2d) 453, and asks that we carefully examine it as support for his "contention that the plaintiff should have been permitted to plead its theory that the gift of the contents of the safety deposit box had been made to him." It should be noted first however, that *Oliver v. Crook, supra,* involved the sufficiency of proof to support adequate allegations of a gift. Its application here is not apparent. This court will not search the pleadings to find error committed by a trial court. An appellant must assign any errors of which he chooses to take advantage and must present argument in support thereof. In the absence of such argument such errors will not be reviewed. *Fugett v. Murray,* 311 Ill. App. 323, 35 N. E. (2d) 946.

Plaintiff's principal contention is that the trial court erred in dismissing for want of equity Count I of the second amended complaint after proof had been made by plaintiff before the master in chancery. He argues there was uncontradicted proof of a contract

by Robbins to adopt him and that this contract should be specifically enforced. There is ample evidence in the record indicating that Robbins made statements that he intended to adopt plaintiff. Nowhere, however, is there direct evidence of a contract, oral or otherwise between Robbins and plaintiff's natural parents except that contained in the testimony of Arthur B. Wilcox. Wilcox testified to a conversation with Robbins in 1942 in which the latter mentioned "a conversation with the Cassidys, a conversation at the time they took him. . . ." "In that conversation he used the word adoption and he said that was the agreement with the Cassidys they were to adopt him."

We do not believe that this is sufficient proof of a contract to adopt plaintiff made by Robbins and plaintiff's natural parents. The statement by Robbins was made many years after the event took place; it was made out of the presence of plaintiff's natural parents and by a man now dead.

■■ Oral contracts to adopt have been enforced in equity at the behest of the beneficiary thereof, where the proof of the contract is clear and convincing. *Winkelmann v. Winkelmann*, 345 Ill. 566, 178 N. E. 118. Courts of equity however, are reluctant to make a disposition of property of a deceased person different from that provided by law and will weigh such evidence scrupulously. The proof of a contract of adoption where no written instrument is in evidence must be clear and prove with reasonable certainty the terms and subject matter of the agreement. *Hutton v. Busaytis*, 326 Ill. 453, 158 N. E. 156. We do not believe that plaintiff was furnished the proof required.

The judgment of the circuit court of Macon county is affirmed.

*Judgment affirmed.*