Hope Villareal, Individually and as Administratrix of
the Estate of Efrain Villareal, Deceased, James
Villareal, Hope Villareal, Efrain Villareal, Mary
Villareal and Linda Villareal, Minors, by Hope
Villareal, Their Mother and Next Friend, Plain-
tiffs-Appellants, v. Fredrico Trevino d/b/a Fred's
Place, Guadalupa Castaneda and Asuncion Casta-
neda, Defendants-Appellees.

Gen. No. 48,146.

First District, Third Division.

March 22, 1961.

78

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel) for appellants.

Duffy & Connell, of Chicago (Eugene F. Connell and Socrates Shukas, of counsel) for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an action brought pursuant to the provisions of the Dramshop Act. The trial court granted defendant Trevino's motion for summary judgment and dismissed the action against him on the ground that he was not the owner of the tavern involved at the time of the occurrence in question. The court also granted a motion to dismiss the action against Guadalupa and Asuncion Castaneda on the ground that action against them was barred by the limitation of one year imposed by the act. From these orders plaintiffs appeal.

Plaintiffs admit that Trevino was not the owner of the tavern at the time in question, but argue that as part of a preconceived scheme concocted by defendants and their attorneys, defendants delayed raising the issue of ownership until after the one year limitation had barred suit against the Castanedas. No evidence was heard or taken. The matter was decided on pleadings, answers to interrogatories and a motion supported by an affidavit. To a full understanding of the questions raised it is necessary to state the substance of those pleadings.

The occurrence on which the action was based took place on December 14, 1958. The original complaint was filed July 23, 1959. It contained two counts. The

first count named Hope Villareal, administratrix of the estate of Efrain Villareal, deceased, as sole plaintiff. It alleged that on December 14, 1958, defendant Trevino was engaged in the operation of a tavern and that on that date he sold liquor to Villareal, as a consequence of which Villareal became intoxicated, lost control of the automobile he was driving, drove into a post and was killed. Plaintiff sought judgment of $20,000 for her use and benefit *and $20,000 for each of five children.* The last paragraph provided that "in the alternative, plaintiff Hope Villareal, as Administratrix of the Estate of Efrain Villareal, deceased, prays judgment against defendant in the sum of $20,-000.00." Count II is in the name of the widow and five children, individually, each seeking $20,000. The last paragraph prays in the alternative for a collective judgment of $20,000 in favor of plaintiffs.

To that complaint, Trevino filed a motion to dismiss for insufficiency, in that Count I sought damages in excess of the amount provided for under the Dramshop Act of July 1, 1956, and that Count II was brought in the name of improper parties plaintiff. The court heard the motion on January 12, 1960, sustained it, and struck both Counts I and II, giving plaintiffs leave to file an amended complaint.

On February 11, 1960, an amended complaint was filed in the name of Hope Villareal, as administratrix, making substantially the same charges as in the first complaint, and seeking damages in the total sum of $20,000. On March 1, 1960, Trevino filed an answer denying the allegations of ownership and the sale by him or his agents of liquor to Villareal. On March 18, 1960, Trevino, in answer to interrogatories, gave the name of the licensee of the tavern on November 14, 1958 (sic) as Guadalupa Castaneda, the owner of the property as Asuncion Castaneda, and the insurance

company as Lincoln Casualty Company, the insured being the Castanedas. On March 24, 1960 Trevino moved for summary judgment and in a supporting affidavit alleged that he did not become the owner of the tavern until May 1, 1959, that is, more than four months after the occurrence in question.

On April 8, 1960, plaintiff Hope Villareal, as administratrix, filed a second amended complaint joining the Castanedas with Trevino as parties defendant. In that complaint it was again alleged that Trevino was the owner of the tavern and it was also alleged that Guadalupa Castaneda was the owner of the tavern and that Asuncion Castaneda was the owner of the property. Then followed a motion for summary judgment on behalf of Trevino and a motion to dismiss on behalf of the Castanedas, both of which the court sustained and dismissed the action. Those are the orders from which plaintiffs appeal.

 Plaintiffs assign as error the ruling of the trial court striking the original complaint. Instead of standing on that complaint, letting the court enter judgment and then appealing, which is the way in which such a complaint may be tested, plaintiffs obtained leave and in due course filed an *amended* complaint. A plaintiff waives his objection to an order sustaining a motion to strike a complaint when he abandons his complaint and files an amended complaint. Thereafter the original complaint ceases to have any importance in the record so far as the validity of the action is concerned. Burke v. Squire, 25 Ill. App.2d 256, 166 N.E.2d 626; Trembois v. Standard Ry. Equipment Mfg. Co., 337 Ill. App. 35, 84 N.E.2d 862 (Cert. denied 338 U. S. 950); Robbins v. Millikin Nat'l Bank, 334 Ill. App. 190, 78 N.E.2d 819; Wright v. Risser, 290 Ill. App. 576, 581, 8 N.E.2d 966; 49 C. J. Pleading, Sec. 773. In Wright v. Risser, supra, the

81

court considering the effect of the filing of an amendment which does not refer to or adopt the prior pleading, said, page 581:

". . . subsequent proceedings in the case are to be regarded as based upon the amended pleading, which will not be aided by anything in the prior pleadings, and any ruling of the court with relation to the sufficiency of the original pleadings is not properly in the record."

When a pleading is held bad on demurrer, the pleader must abide by his pleading if he would have the decision on the demurrer reviewed. Bennett v. Union Central Life Insurance Co., 203 Ill. 439, 444, 446, 67 N.E. 971–72–73. Plaintiffs cannot here complain of the ruling of the court with respect to their original complaint.

Plaintiffs charge that a preconceived scheme was concocted by the defendants and their attorneys to perpetrate a fraud on plaintiffs and the court. They base that charge largely on the fact that when Trevino moved to dismiss the complaint, he was represented by the same counsel who represented the Castanedas, and that he made no mention of the fact that he was not a proper party defendant nor that the Castanedas were the proper parties. Plaintiffs argue that this violated Section 45(1) of the Civil Practice Act [Ill Rev Stats 1959, ch 110, § 45], outlining the manner in which objections to pleadings may be made. That provision refers to such objections as are based on the ground that necessary parties should be added or that designated misjoined parties should be dismissed. We do not see that this statute has any application to the instant case. Trevino and the Castanedas were not jointly liable, and there was no misjoinder. Nor can it be said that the Castanedas were additional necessary parties. They were the real parties defendant and

the only ones. We find nothing in the cases cited by plaintiffs on this point that in any way supports their position. They deal principally with instances of nonjoinder, misjoinder and misnomer.

Plaintiffs state their position thus:

> "It is crystal clear that the attorneys and their insurance carrier knew that the Castanedas were proper parties when defendant Trevino made his motion of November 9, 1959 . . . for the sole purpose of trickery and so as to push plaintiffs around the bend and beyond the one year statutory limitation period."

But these are conclusions which are not supported by anything except counsel's statement. If they were presented to the trial court in any way, it does not appear in the abstract.

██ Plaintiffs argue that a motion to dismiss or strike a complaint admits all the well pleaded allegations of the complaint and hence, they say, Trevino is bound by the admission that he was the operator of the tavern as of December 14, 1958. That is not a correct statement of the effect of a motion to strike for want of sufficiency of the complaint, or what was formerly known as a demurrer. A motion to strike a pleading for want of sufficiency admits the facts averred for the purpose of the motion and no more. Plaintiffs would have us treat it as if it were a judicial admission, binding throughout the case. All such a motion does is to assert hypothetically that if all the facts set forth in the complaint are accepted as true, they still do not state a cause of action. Richolson v. Moloney, 195 Ill. 575, 577–78, 63 N. E. 188–89; Kankakee & S. R. R. v. Horan, 131 Ill. 288, 304–5, 23 N. E. 621, 625.

█ The next point made by plaintiffs is that the defense of the statute of limitations is not available

to the Castanedas; that the real party in interest in this proceeding is the insurance carrier, and that any judgment against Trevino and the Castanedas would be. paid by the insurance company. In answer to an interrogatory, defendants admitted that the Lincoln Casualty Company was the insurance carrier. Nothing more was said with respect to insurance. The insurance company's liability is, we take it, to protect their insured against judgments rendered against them in accordance with a policy which is not before this court. We cannot render a judgment against an insurance company which is not a party. To deny defendants a legal defense to the claim on such charges made, so far as the. record shows, for the first time in this court would be a most unique adventure in jurisprudence.

Plaintiffs next urge that the amendment making the Castanedas parties defendant did not change the cause of action, and therefore the statute of limitations does not apply. They state it thus:

> ". . . we submit that defendants Castaneda were parties to the fraud perpetrated upon plaintiffs, and that they or their insurance carrier and attorneys knew of the institution of the suit, the service of summons upon Trevino and the occurrence of December 14, 1958."

In support of this general charge, they refer us to common knowledge that upon a demand or service of summons upon a defendant, his insurance company immediately puts into motion investigative processes which would have reflected before the period of limitation had expired that Guadalupa Castaneda was the operator of the tavern on December 14, 1958. This sounds reasonable, but it is not a basis for holding defendants guilty of fraud, nor do we see toward what legal issue it would be relevant. We are. referred at this point to Section 46(4) of the Civil Practice Act,

Ill. Rev. Stat., ch. 110, sec. 46(4) (1959). Section 46(4) was designed to permit an amendment to a complaint adding an additional party defendant to an action even though the statute of limitations had expired as against him, provided certain pre-existing conditions are met, all of which must conjoin, before the amendment is allowed. One of those conditions is set forth in subparagraph (c) as follows:

> "Service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another; . . ."

In other words, before this provision of the Practice Act could be applied to the defendants Castanedas in the instant case, it must be made to appear that they had been previously served in person or by agent or partner. Trevino was the only man served before the period of limitation had expired. He was not an agent or partner of the Castanedas and hence the provision in question does not apply.

The trial court properly entered the orders dismissing the suit as to the Castanedas and entering summary judgment for Trevino.

Order and judgment affirmed.

McCORMICK and DEMPSEY, JJ., concur.