2022 IL App (1st) 210563-U

SECOND DIVISION
March 22, 2022

No. 1-21-0563

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| STEPHEN E. EBERHARDT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 65067 |
| | ) | |
| VILLAGE OF TINLEY PARK, a Municipal Corporation, | ) | |
| Cook and Will Counties, IL, JACOB C. VANDENBERG, | ) | |
| Mayor/Village President, MICHAEL J. PANNITTO, | ) | |
| Trustee, CYNTHIA A. BERG, Trustee, WILLIAM P. | ) | |
| BRADY, Trustee, MICHAEL W. GLOTZ, Trustee, | ) | |
| MICHAEL J. MANGIN, former Trustee, DAVID J. | ) | |
| NIEMEYER, Village Manager, PATRICK CARR, | ) | |
| Assistant Village Manager, DENISE MAIOLO, Director, | ) | |
| Human Resources, BRAD L. BETTENHAUSEN, | ) | |
| Treasurer, and TERRENCE "T.J." GRADY, former | ) | |
| Trustee and Retired Police Sergeant, | ) | Honorable |
| | ) | Thomas W. Murphy, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   The judgment of the circuit court of Cook County dismissing plaintiff's second amended complaint is affirmed; plaintiff abandoned the second amended complaint when he filed a third amended complaint that did not incorporate by reference or even refer to the allegations in the second amended complaint and thereby forfeited review of any alleged errors concerning the prior complaint.

¶ 2    Plaintiff, Stephen E. Eberhardt, filed a 32-count second amended against defendants, the Village of Tinley Park, village president and mayor Jacob C. Vandenberg, village trustees Michael J. Pannitto, Cynthia A. Berg, William P. Brady, Michael W. Glotz; former village trustee Michael J. Mangin, village manager David J. Niemeyer, assistant village manager Patrick Carr, village director of human resources Denise Maiolo, village treasurer Brad L. Bettenhausen, and former village trustee and former village police sergeant Terrence "T.J." Grady. After the circuit court of Cook Count granted defendants' motion to dismiss plaintiff's second amended complaint plaintiff filed a one-count third amended complaint against defendant Grady only. The trial court granted Grady's motion to dismiss the third amended complaint. Plaintiff filed a notice of appeal stating he was appealing the trial court's judgment granting defendants' motion to dismiss plaintiff's second amended complaint.

¶ 3    For the following reasons, we affirm.

¶ 4                         BACKGROUND

¶ 5    For purposes of this appeal we are concerned with the allegations in plaintiff's second amended complaint, defendants' motion to dismiss plaintiff's second amended complaint, and the allegations in plaintiff's third amended complaint. We will confine our discussion to those allegations in those pleadings and the facts necessary to an understanding of our disposition.

¶ 6    On September 17, 2018, plaintiff filed a second amended complaint against defendants named above for tortious interference with prospective economic advantage or business opportunity after defendants allegedly took actions to prevent plaintiff from being employed by the village. The complaint generally alleges that on October 19, 2017, Mayor Vandenberg appointed plaintiff to the position of "Interim [Emergency Management Agency] (EMA)/911 Coordinator" but defendants' tortious interference prevented him from assuming that position.

Specifically, plaintiff alleges defendants prevented plaintiff from entering into a business/employment relationship with the Village of Tinley Park.

¶ 7     Plaintiff's second amended complaint details alleged acts by various defendants and their alleged motivation for those acts all of which can be categorized as "political." Based on the nature of the appeal we will limit our discussion to plaintiff's factual allegations related to the claims at issue and attempt to avoid, whenever possible, discussion of the alleged underlying "politics" of the alleged conduct. On plaintiff's claim for tortious interference, plaintiff alleges that mayor Vandenberg presented defendants Niemeyer and Carr with the proposed appointment of plaintiff to the position of "Chief Information Officer/Special Assistant to the Mayor/Village President" and in response, defendants Niemeyer, Carr, Bettenhausen, and Grady took actions to prevent plaintiff's appointment to that position. Consequently, mayor Vandenberg announced he would appoint plaintiff to the position of "Interim EMA/911 Coordinator" instead. Plaintiff's second amended complaint alleges that after mayor Vandenberg's announcement regarding the EMA/911 position defendants Niemeyer, Carr, Maiolo, and Bettenhousen "continued to take actions to prevent the employment of [p]laintiff."

¶ 8     The second amended complaint details some of those actions but recounting them here will not materially advance our disposition. It is relevant to note that plaintiff alleges that one such action taken to "prevent and interfere with [p]laintiff's interests" was for Pannitto, Carr, and Glotz to "concoct" a colloquy between Carr and Glotz at a village committee meeting. Plaintiff alleges that Pannitto prevented the village's attorney from explaining to the committee the mayor's' authority to make appointments; "Defendant Pannitto [allegedly] engaged [d]efendant Carr in a rehearsed colloquy in support of Carr holding dual positions" of Assistant Village Manager and EMA/911 Coordinator; at that committee meeting, Pannitto made a motion to

direct staff to rescind any offers of employment by the mayor and to direct the village's attorney to instruct the mayor that the committee deemed plaintiff's appointment to the EMA position to be invalid; defendants Pannitto, Berg, and Mangin all voted in favor of both motions, both of which passed; and that "[s]aid actions by the [committee] were unlawful under State law and Village Ordinance."

¶ 9 Plaintiff's second amended complaint alleges that subsequently, defendant Niemeyer initially included, then removed, an agenda item for a special village board meeting to discuss dual employment by Carr, and that the purpose of the removal of the agenda item was "to give [d]efendant Carr and others *** time to fabricate reasons to permit/authorize said dual employment." Later, Niemeyer recommended restructuring village duties to allow Carr to hold both positions. Plaintiff alleges the restructuring of duties "was done in an effort to unlawfully justify/attempt to authorize the Village to improperly and unlawfully ignore the lawful appointment [by] Mayor Vandenberg" of plaintiff.

¶ 10 Moreover, "[o]n information and belief, [d]efendant Glotz made certain threats, direct or implied, to [d]efendant Niemeyer that if he did not support/recommend dual employment for [d]efendant Carr, Glotz would make/take efforts to impede Niemeyer's seeking employment with other municipalities and attack Niemeyer on social media." Plaintiff alleges defendants' actions were based on animus and not for any proper government purpose. Plaintiff alleges that on November 21, 2017, Pannitto, Berg, Brandy, Glotz, and Mangin voted to approve dual employment by Carr but their act did not nullify "the power of the Mayor to appoint [p]laintiff under State law and Village Ordinance." Plaintiff alleges the "elected Village [d]efendants had no lawful authority to disregard the lawful appointment of [p]laintiff to the position of 'Interim EMA/911 Coordinator.' "

¶ 11    Based on these and other allegations not fully recounted herein, plaintiff's second amended complaint claims tortious interference with economic or business expectation against the village (count IV), Vandenberg (count V), Pannitto (count VI), Berg (count VII), Brady (count VIII), Glotz (count IX), Mangin (count X), Niemeyer (count XI), Carr (count XII), Niemeyer (count XIII), Carr (count XIV), Maiolo (count XV), Bettenhausen (count XVI), and Grady (count XVII). The remaining counts in plaintiff's second amended complaint are for mandamus (counts I through III) and defamation (counts XVIII through XXII).

¶ 12    On October 19, 2018, defendants filed a combined motion pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)) and moved to dismiss the mandamus counts I through III of plaintiff's second amended complaint. On July 16, 2019, defendants filed a separate motion pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)) to dismiss counts IV through XVII of plaintiff's second amended complaint. For purposes of this appeal it will suffice to note that defendants' July 2019 motion has attached to it numerous exhibits—including several copies of minutes from multiple meetings of the village board and/or its committees—that arguably address the factual allegations in plaintiff's second amended complaint rather than the legal sufficiency of plaintiff's allegations to state a claim for relief.

¶ 13    On May 3, 2019, the trial court granted defendants' motion to dismiss counts I through III of plaintiff's second amended complaint with prejudice. On September 9, 2019, plaintiff filed a consolidated motion to strike defendants' July 2019 motion to dismiss the tortious interference counts and the exhibits thereto and for sanctions and, alternatively, a response to defendants' motion to dismiss. Plaintiff's motion to strike argued that in their motion to dismiss, defendants

"improperly comingle arguments, contest facts and attached [e]xhibits all done in an attempt simply to negate the allegations of the [second amended complaint.]"

¶ 14    On November 8, 2019, following briefing by the parties and a hearing, the trial court granted defendants' motion pursuant to section 2-615 of the Code to dismiss counts IV through XVII of plaintiff's second amended complaint (the tortious interference counts) with prejudice, and granted defendants' motion to dismiss counts XVIII through XXII (the defamation counts) without prejudice. The court granted plaintiff leave to replead the defamation counts by a date certain.

¶ 15    On November 21, 2019, plaintiff filed a third amended complaint. The third amended complaint contains numerous allegations of "Operative Facts" and one count seeking damages from defendant Grady for defamation. The opening paragraph of the third amended complaint reads: "This [c]omplaint is brought against [d]efendant Grady for defamation." The third amended complaint specifically asks for a judgment:

    "finding [d]efendant Grady liable for his defamatory statements that were meant

    to and did interfere with the prospective economic/business advantage of

    [p]laintiff in both his expectation of full-time employment with the Village of

    Tinley Park as well as employment in his professional capacity."

Relevant to the issues in this appeal, the third amended complaint also specifically alleges as follows:

    "On or about July 28, 2017 Niemeyer and Carr published specifically to

    Village employees *** that [p]laintiff was to be appointed to the position of

    'Transparency, Compliance and Purchasing Officer' and took steps to have

    [d]efendant Grady and others presently known and unknown contact Trustees

Pannitto, Berg, Mangin and Brady and engage in personal and defamatory attacks on [p]laintiff in an effort to block [p]laintiff's appointment."

The third amended complaint alleges that after mayor Vandenberg appointed plaintiff to the EMA Coordinator position,

"Defendant Grady had conversations with Assistant Village Manager Patrick Carr regarding urging 911 Center employees to draft and present a letter to elected officials relating some of the false statements as related to them by [d]efendant Grady in an effort to prevent [p]laintiff's appointment to the position of 'Interim EMA/911 Coordinator.' "

The third amended complaint further alleges that:

"Trustee Michael Pannitto took unlawful actions, based on the false and defamatory statements as related to him by Defendant Grady, to prevent the appointment of [p]laintiff to the [EMA position.]"

Finally, as it pertains to this appeal plaintiff's third amended complaint alleges:

"Plaintiff relied to his detriment on being appointed to Village employment and [p]laintiff has suffered and continues to suffer economic loss based on the intentional and malicious false statements as made by [d]efendant Grady."

¶ 16    On December 3, 2020, defendant Grady filed a motion pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)) to dismiss plaintiff's third amended complaint. Grady's motion to dismiss partially characterizes plaintiff's third amended complaint as "a rehash of [plaintiff's] previously dismissed clam for 'tortious interference with a business expectancy.' "

On December 8, 2020, plaintiff filed a motion to strike Grady's motion to dismiss and for sanctions, and on January 20, 2021, plaintiff filed his response to Grady's motion to dismiss.

¶ 17 On May 3, 2021, following full briefing by the parties and a hearing, the circuit court of Cook County entered a written order denying plaintiff's motion to strike in its entirety; granting Grady's motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)); granting Grady's motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)) on the grounds plaintiff's third amended complaint is untimely because it does not relate back to plaintiff's original complaint; and finding that pursuant to Illinois Supreme Court Rule 304(a), the order was final and dismissed the matter in its entirety.

¶ 18 On May 17, 2021 plaintiff filed a notice of appeal. Plaintiff's notice of appeal lists the date of the judgment being appealed from as May 3, 2021, and the relief sought as "[r]eversal of Order granting dismissal of [c]ounts IV-XVII of the Second Amended Complaint regarding tortious interference with business expectation and acts related thereto."

¶ 19 This appeal followed.

¶ 20 ANALYSIS

¶ 21 This court will review a judgment granting a motion to dismiss a complaint pursuant to either section 2-615 or 2-619 of the Code *de novo*. *Barry v. City of Chicago*, 2021 IL App (1st) 200829, ¶ 17. "Under *de novo* review, the reviewing court performs the same analysis the trial court would perform." *Id.* However, before reaching the substantive merits of the judgment granting the motion to dismiss counts IV through XVII of plaintiff's second amended complaint, as stated in the narrative of plaintiff's notice of appeal, we must first address defendants' argument this court must decline to address that judgment under "the *Foxcroft* rule."

¶ 22    Defendants argue that because, after the dismissal of counts IV through XVII with prejudice, plaintiff elected to file a third amended complaint as to the defamation counts of the second amended complaint that were dismissed without prejudice; and because plaintiff's third amended complaint is "complete in itself and does not refer to or adopt the prior pleading" with regard to the counts dismissed with prejudice, or otherwise preserve those counts for appeal; the second amended complaint is "in effect abandoned and withdrawn" and plaintiff has waived any objections to any of the trial court's rulings on the second amended complaint. See *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153-54 (1983); *Rubin and Norris, LLC v. Panzrella*, 2016 IL App (1st) 141315, ¶ 29. "Our supreme court has clearly and consistently explained that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints." (Internal quotation marks omitted.) *Rubin and Norris, LLC*, 2016 IL App (1st) 141315, ¶ 29.

¶ 23    In *Foxcroft Townhome Owners Ass'n* our supreme court found that both it:

> "and a majority of the appellate court cases have adhered to the well-established principle that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. [Citations.] 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' [Citation.]
>
> * * *
>
> [W]e perceive no undue burden in requiring a party to incorporate in its final pleading all allegations which it desires to preserve for trial or review."

*Foxcroft Townhome Owners Ass'n*, 96 Ill. 2d at 153-54.

¶ 24 Regarding the "burden" to preserve the trial court's rulings on prior pleadings for review, this court and several others have found:

"A plaintiff may avoid forfeiture and preserve a challenge to an order dismissing with prejudice fewer than all of the counts in his complaint by three methods. [Citation.] First, the plaintiff may stand on the dismissed counts, take a voluntary dismissal of the remaining counts, and argue the matter on appeal. *Id.* Second, the plaintiff may file an amended pleading that realleges, incorporates by reference, or refers to the dismissed counts. *Id.* 'A simple paragraph or footnote in the amended pleadings notifying defendants and the court that plaintiff [is] preserving the dismissed portions of [the] former complaints for appeal [is] sufficient to avoid the consequences of the *Foxcroft* [forfeiture] rule.' [Citation.] Third, the plaintiff may perfect an appeal from the dismissal order prior to filing an amended pleading that does not refer to or adopt the dismissed counts." *Rubin & Norris, LLC*, 2016 IL App (1st) 141315, ¶¶ 29-30.

"Whether a dismissed claim had been preserved for review is a question of law, and our review is *de novo.*" *Id.* ¶ 29.

¶ 25 In this case, plaintiff took no steps to "avoid forfeiture" and preserve a challenge to the trial court's order dismissing counts IV through XVII of the second amended complaint (the tortious interference counts) with prejudice, and plaintiff's third amended complaint is "complete in itself" and "does not refer to or adopt the prior pleading;" therefore, the rule applies and plaintiff has forfeited review of the trial court's judgment granting defendants' motion to dismiss the second amended complaint. Plaintiff disagrees, arguing that the third amended complaint is not complete in and of itself because it refers to and adopts the allegations of the second

amended complaint in the context of defendant Grady's allegedly defamatory statements. Plaintiff also asserts the third amended complaint "adopted the allegations" of the second amended complaint "regarding the illegal actions of the other [d]efendants in interfering with the proper appointment of [p]laintiff." Finally, plaintiff argues that before the trial court dismissed the third amended complaint there was no final and appealable order, appeal from a final judgment entails review of orders that were a procedural step in the progression leading to the final judgment, and the trial court's judgment dismissing counts IV through XVII of the second amended complaint was a judgment in that procedural progression. We disagree with plaintiff.

¶ 26    Plaintiff cites no authority for his proposition that a dismissal of a prior pleading is a step in the procedural progression to a dismissal of a subsequent pleading that does not refer to or incorporate the prior pleading. Plaintiff cites *DuPage Aviation Corp. v. DuPage Airport Authority*, 229 Ill. App. 3d 793, 799 (1992), and *Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 8, in support of his argument, but those cases involve the contents of a notice of appeal and not the question of whether an amended pleading supersedes a prior pleading, and we find them inapposite. Granted, in this case, plaintiff's notice of appeal listed the date of the judgment dismissing the third amended complaint but described the judgment dismissing the second amended complaint resulting in an inconsistency and possible confusion. Nonetheless, we have no need to address whether plaintiff's notice "fairly and adequately sets out the judgment complained of and the relief sought." See *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 230 (1991) ("notice should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal").

¶ 27    To accept plaintiff's argument would require this court to make a finding that is directly contrary to the well-established rule that an amended pleading that is complete in itself and does not refer to the prior pleading results in the effective abandonment of the prior pleading.

" 'The amendment of a bill does not put two bills into the case. There remains afterwards but one bill,—the bill as amended. An amended bill is considered as an original bill.' [(Citation omitted.)] In *Joiner v. Fowler*, 133 Ill. App. 38, the court said that, by filing an amended bill, the complainant abandoned their original bill and transferred their whole cause of action to and merged it in the amended bill. In *Benjamin v. Manufacturers Terminal Company*, 246 Ill. App. 590, this court held that, when an amended bill is filed by leave of court, there are not two bills then pending, but that the amended bill is then considered as the original bill. The only pleading therefore before the chancellor or to be considered by this court is the sufficiency of the third amended complaint, which was filed by leave of court after the chancellor had held the original, first and second amended complaints insufficient." *Wright v. Risser*, 290 Ill. App. 576, 582 (1937).

Plaintiff's argument in this case runs counter to the accepted affect of the rule at issue here and is insupportable. Plaintiff's argument would leave in place two pleadings for consideration by the court. This is not the rule in Illinois and plaintiff has provided no reason to make it so.

¶ 28    We find that plaintiff's third amended complaint is complete in itself. An amended complaint is "complete" when the allegations in the complaint are sufficient to state a cause of action. See *Risser*, 290 Ill. App. at 581-82, 585. See also *Consolidates Construction Co. v. Great Lakes Plumbing & Heating Co.*, 90 Ill. App. 2d 196, 205 (1967) ("the third amended complaint makes no reference to any of the prior complaints and, 'for the purposes of the motion attacking

it, is neither aided nor impaired by any prior pleading. *** (T)he disposition of a motion to dismiss must be made upon the allegations contained in the complaint.' ([citation]")); *Yarc v. American Hospital Supply Corp.*, 17 Ill. App. 3d 667, 670 (1974) ("Generally, the trial judge should concern himself solely with the contents of the amended complaint when determining its sufficiency. This is so because an amendment which is complete in itself and does not refer to or adopt the prior unverified pleading, ordinarily supersedes the prior pleading. The prior unverified pleading then ceases to be part of the record since it is, in effect, abandoned or withdrawn.").

¶ 29    Here, plaintiff's third amended complaint is sufficient to state a cause of action upon which a court could grant relief for defamation. To state a valid cause of action "a complaint must allege facts that set out all the essential elements of a cause of action." *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). The critical question is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which a court could grant relief. *Rojo v. Tunick*, 2021 IL App (2d) 200191, ¶ 30. " 'The essential elements of a defamation claim are: (1) that the defendant made a false statement about the plaintiff; (2) that the defendant made an unprivileged publication of that statement to a third party; and (3) that the publication caused damages. [Citation.]' " *Kainrath v. Grider*, 2018 IL App (1st) 172270, ¶ 32. Plaintiff's third amended complaint alleges (1) "[d]efendant Grady published and made false statements known and unknown (2) to others which were injurious to [p]laintiff's good reputation" and (3) "[a]s a result of the publications, [p]laintiff has been injured," and those claims are supported by allegations of facts. The third amended complaint in this case alleges all the essential elements of a cause of action for defamation.

¶ 30    We also find that plaintiff's argument that he raised defendants' allegedly tortious interference with his employment with the village "in the context of the defamation claim" does

not aid plaintiff's argument he preserved the tortious interference claims in the third amended complaint.

> "An amendment complete in itself, which does not refer to or adopt a prior, unverified pleading, supersedes the prior pleadings; *** with the result that the last amended pleading cannot be aided by anything *** which was part of the prior pleading but not part of the amended pleading." *Pollack v. Marathon Oil Co.*, 34 Ill. App. 3d 861, 863 (1976).

Because plaintiff's third amended complaint is complete in itself to state a claim for defamation, and defamation is the only claim plaintiff raised in the third amended complaint, the allegations in the second amended complaint are "abandoned and withdrawn," including allegations of tortious interference. This court could at most only consider plaintiff's allegations about defendants' alleged conduct that may or may not amount to tortious interference as allegations of fact in support of plaintiff's defamation claim; but we cannot consider the prior pleading preserved for review because factual allegations supporting a claim in a prior pleading may also have some bearing on the claims in the last amended pleading.

¶ 31 We find the third amended complaint is complete in itself, the second amended complaint—including allegations as to the EMA position or any other position in which plaintiff allegedly had an economic expectation—is in effect abandoned and withdrawn, and plaintiff has forfeit review of any claims pertaining to the prior pleadings. Thus, plaintiff has forfeited review of the claims raised in this appeal, specifically that the trial court erred in first failing to strike and then granting defendants' motion to dismiss plaintiff's second amended complaint. Plaintiff forfeited any claims regarding rulings on prior pleadings. Accordingly, the judgment is affirmed.

¶ 32                                   CONCLUSION

¶ 33    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 34    Affirmed.