Laberta Stewart, Administrator of the Estate of William J. Stewart, Deceased, Plaintiff-Appellant, v. Francis Gannaway, Defendant-Appellee.

Gen. No. 10,475.

Third District.

January 2, 1964.

Rehearing denied January 23, 1964.

Kenneth A. Green and Thomas J. Logue, of Mattoon, for appellant.

J. E. Horsley and W. E. Larrabee, of Craig & Craig, of Mattoon, for appellee.

CARROLL, PRESIDING JUSTICE.

This is an action wherein plaintiff seeks to recover damages for the alleged wrongful death of her intestate, William J. Stewart, who died of injuries sustained when his clothing became entangled in a grain elevator which he was operating on defendant's farm. Following dismissal of her third amended complaint, the plaintiff having elected to stand on her pleadings, the court entered judgment for defendant in bar of plaintiff's action. Plaintiff has appealed.

The sole question presented is whether the trial court was correct in determining that the facts alleged in the third amended complaint were insufficient to state a cause of action.

Prior to any consideration of the original complaint plaintiff moved for and was granted leave to file an amended complaint. Substantially the allegations of the amended complaint are that on November 13, 1961, and for a long time prior thereto, deceased was an employee of the defendant; that on said date deceased

was operating a corn hiker on a farm operated by defendant; that he was working by himself hauling corn from the field and hiking it into a grain silo; that he was thus engaged from the early morning of said date until about 1:30 p. m.; that at about 1:30 p. m., while thus engaged, his clothes became entangled in the tumbling rod and knuckle bolts under the corn hiker; that as a result he was drawn into the hiker causing injuries from which he died; that plaintiff's cause of action is based upon and arises out of Sections 3 and 4, chap 70 Illinois Revised Statutes 1961; that said section 3 provides as follows:

"That all persons in this state who are or may hereafter own or run any threshing machine, corn sheller, or any other machine which is connected to a horse power by means of tumbling rods or line of shafting, shall cause each and every length or section of such tumbling rod (except the one next the horse power), together with the knuckles or joints and jacks thereof, to be safely boxed or secured while running."

and said section 4 reads as follows:

"Any person owning or running any machine, as mentioned in section 1 of this act, without complying with the requirements of the aforesaid section, shall be held liable to the person damaged for any damage which may be sustained by such person by reason of such neglect, . . ."

That the corn hiker which decedent was operating was owned by defendant, or in the alternative, was run by him; that it was connected to horse power by means of tumbling rods which with their knuckles, joints, and jacks were not boxed or secured while the hiker was running; that in failing to box or secure the tumbling rods, knuckles, joints, and jacks, defendant

3

was guilty of violating the aforementioned statute of the State of Illinois, which violation proximately caused the injury and death of plaintiff's intestate.

Defendant filed a motion to dismiss the amended complaint, alleging as grounds that sections 3 and 4, chap 70 Ill Rev Statutes 1961 are not applicable to the facts alleged in the amended complaint for the reason that under such statutory provisions the decedent who was running the machine causing the injury would be equally responsible with the defendant for defects; that application of the statute would involve contributory negligence on the part of the decedent or the absence of negligence on the part of the defendant; that there are no facts alleged taking the occurrence out of the exception contained in the statute; and that the statute makes the estate of the decedent either separately or jointly liable for damages resulting from failure to comply with its provisions. Defendant's motion was allowed and plaintiff given leave to file an amended complaint.

Plaintiff then filed a second amended complaint which differs from the first only in that it alleged due care on the part of plaintiff and her intestate. Defendant moved to dismiss the second amended complaint, realleging the grounds specified in the motion to dismiss the first amended complaint, and alleging the additional grounds that on its face the second amended complaint shows contributory negligence and shows that decedent assumed the risk as a matter of law. Defendant's motion to dismiss the second amended complaint was allowed and thereupon plaintiff moved for and was granted leave to file a third amended complaint. The third amended complaint is substantially the same as the second, differing only in minor respects.

At the outset it may be observed that on this appeal we are concerned only with the sufficiency of

4

the third amended complaint. Upon dismissal of the first and second amended complaints, plaintiff elected to plead over. These amended complaints were complete in themselves and did not refer to or adopt the prior pleading. In such case the amendment supersedes the prior pleading which is in effect abandoned or withdrawn. ILP Pleading—Sec 113, Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30, 183 NE2d 547; Robbins v. Millikin Nat. Bank of Decatur, 334 Ill App 190, 78 NE2d 819; Richardson v. Eichhorn, 18 Ill App2d 273, 151 NE2d 819.

Plaintiff's argument, as the same is summarized in her brief, is that this is not a negligence action, but one for injuries resulting from the violation of a statutory duty; that such violation creates liability; and that contributory negligence and assumption of risk are not to be considered.

The statute in question was enacted in 1869 at a time when the power necessary to operate such farm machinery as a threshing machine was operated by the pull of horses on sweeps which turned a screw or wheel to which was attached a tumbling rod running from the power to the machine. The horse power and tumbling rods referred to by the legislature in this particular statute have long since been supplanted by the tractor and other modern sources of mechanized power. However, the presence of this act in the statute indicates that at the time of its passage the lawmakers felt that the public should be protected against persons operating certain machines by horse power without boxing or securing the tumbling rods; that such purpose was intended is indicated by the fact that the law applies both to the person running the machine and the owner. The act is entitled "An Act to require owners of threshing and other machines to guard against accidents." It requires all persons who "own or run" any such machine to take certain pre-

cautionary steps with respect to the tumbling rods and the knuckles, joints and jacks thereof. From its title and wording it appears to be obvious that the purpose of the Act was to protect third persons from the danger created by the operation of particular types of unprotected farm machinery. The penalty for failure to comply with its requirements falls upon the person "owning or running" the machinery. Here the plaintiff proceeds upon the theory that the Act was designed to protect the person "running" the machine against the person "owning" the machine. No such conclusion is warranted. The complaint alleges decedent was running the farm machine in question. At the time of the occurrence the duty of complying with the safety requirements of the Act rested upon the decedent as well as the defendant because the former was the person running the machine. Where one bases the right to recover for negligent injury on the violation of a statute, he must not only show a breach of duty imposed by such statute and resulting injury but must also show that the injured person came within the purview of the statute. ILP Negligence, Sec 31; Brunnworth v. Kerens-Donnewald Coal Co., 260 Ill 202, 103 NE 178. In this case it is apparent from the face of the complaint that plaintiff's intestate was not one of the persons whose protection was contemplated by the provisions of the statute upon which the Act is predicated.

Even if plaintiff's intestate was entitled to claim protection of the statute in question, the third amended complaint must be held to be fatally defective. It does not charge defendant with any negligence but merely alleges that he violated his statutory duty in failing to cause the tumbling rod to be covered. While alleging due care on the decedent's part, it completely ignores the common law defenses of contributory negligence and assumption of risk. Lacking fact

6

allegations negativing such defenses, the complaint can be adjudged sufficient only upon the theory that violation of the statute is negligence per se and creates absolute liability upon the owner of farm machinery. In Wabash, St. L. & P. R. Co. v. Thompson, 10 Ill App 271, also reported (on rehearing) in 15 Ill App 117, which is the only case in which this statute was ever considered, it was held that all common law defenses are available to the defendant in actions brought under the Farm Machinery Act of 1869. In the Thompson case the plaintiff was operating the defendant's pumping machinery by means of a horse power. An uncovered tumbling rod ran from the power to the machinery. Plaintiff was in control of the machine and its operation. His coat was caught in the shaft and he was injured. In an action to recover for his injuries plaintiff's declaration did not allege due care on his part. It was claimed, as it is in the instant case, that violation of the Farm Machinery Act created absolute liability. The Appellate Court reversed a judgment for plaintiff holding that the rule of contributory negligence applies in cases arising under a statute such as the Farm Machinery Act.

Here the plaintiff has not alleged that decedent did not know of the uncovered condition of the tumbling rod. He was in full control of the machine and in a position to know of such condition. If it was concealed or unknown to decedent the complaint fails to so allege. It is not alleged that decedent did not, nor could not observe the unprotected tumbling rod. It cannot be assumed that he lacked the intelligence and experience to recognize the danger which the uncovered rod presented. If he was inexperienced or for any reason could not be expected to appreciate the risk involved in working about the exposed rod, it became incumbent upon plaintiff to allege such fact or facts. Absent such allegations, the question pre-

7

sented is whether the decedent assumed the risk of suffering injury from the exposed tumbling rod. In Stahl v. Dow, 332 Ill App 233, 74 NE2d 907, the court considered the assumption of risk principle where the factual situation was strikingly similar to that shown by the pleadings in the case at bar. In the Stahl case plaintiff sought recovery for injuries sustained when his foot came in contact with an exposed tumbling rod operating a corn elevator. A farm tractor with revolving shaft furnished the power to operate the elevator. This shaft was not covered or boxed. The complaint alleged that the tumbling rod was a dangerous instrumentality; that plaintiff was a youth and inexperienced in the use of such machinery; that defendant should have warned plaintiff of the dangers incidental to his employment, but that defendant failed to do so. The trial court directed a verdict for defendant. In affirming the trial court's action the Appellate Court held that liability of the defendant was not established by proof that the revolving shaft was not covered as required by law; that assumption of risk was a defense to plaintiff's action; and had this to say:

"The revolving shaft or rod against which appellant slipped was not covered but exposed and his counsel suggest that had appellees inverted a hog trough or wooden box over it the requirements of the law would have been met and the accident would not have occurred. Had the revolving rod been covered, perhaps appellant would not have been injured but it does not follow that appellees are liable in this action because the rod or shaft was unprotected . . . The undisputed evidence is that he had knowledge of the character of the work in which he was engaged, the mechanical method employed in doing it and the dangers incident thereto. He knew the shaft was revolving,

8

the ground under his feet had become muddy and the conditions surrounding its operation and that slippery. The danger to which he was exposed was not hidden but was obvious. He was of sufficient age, intelligence and discretion to understand and appreciate the risk to which he was exposed and must be held to have assumed the hazard and peril incident to his employment.

It is true, as counsel for appellant argue, that the questions of whether appellant assumed the danger and whether he was guilty of contributory negligence are ordinarily questions of fact for the jury to pass upon, yet where, as here, there is no conflict in the evidence it is the duty of the trial court to apply well recognized principles of law to the uncontradicted evidence and when that is done the only reasonable conclusion that can be arrived at from all the facts appearing in this record is that appellant assumed the hazard of working around this revolving unprotected shaft and joint, knowingly exposed himself to that known danger and this precludes any recovery."

Other cases where the assumption of risk principle was held applicable are Thoele v. Mazel, 8 Ill App2d 237, 131 NE2d 133; Pinkley v. Chicago & E. I. R. Co., 246 Ill 370, 92 NE 896.

Plaintiff has cited a great number of cases which it is urged support the proposition that the defense of contributory negligence and assumption of risk are not available to the defendant in this case; and that due care need not be pleaded. Examination of these authorities discloses that the courts were there dealing with actions brought under industrial statutes which have for the most part been superseded by the Workmen's Compensation Act, which specifically excludes agricultural employment from its provisions. We find no case among those cited which involved a

farm machinery accident. Accordingly there would appear to be no occasion for discussing the authorities upon which plaintiff relies.

For the reasons indicated we are of the opinion that the trial court did not err in dismissing the third amended complaint and the judgment of the Circuit Court will be affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.