James E. Fox, Plaintiff-Appellant, v. William R. Fearneyhough, Defendant-Appellee.

Gen. No. M–10,839.

Fourth District.

July 18, 1967.

 

Thomson and Thomson, of Jacksonville (Robert B. Thomson and David E. Robinson, of counsel), for appellant.

Foreman, Rammelkamp, Bradney and Hall, of Jacksonville (Robert E. Bradney, of counsel), for appellee.

CRAVEN, P. J.

This appeal arises from dismissal of the complaint of the plaintiff upon motion of the defendant. The action is for money damages to property occasioned by the death of plaintiff's livestock from overeating defendant's grain.

The basis of the action is improper maintenance of defendant's share of a division fence between property leased by plaintiff and property leased by defendant. Plaintiff's allegations concern alleged violation of the defendant's duty to maintain his portion of the division fence under the fence law (Ill Rev Stats 1965, c 54, § 1 et seq.) and by virtue of the common law.

Plaintiff's complaint alleges the following facts: On August 4, 1964, the plaintiff had leased certain land in Morgan County, Illinois, which was bordered on the south by land leased by the defendant. There was a woven and barbed wire fence situated along the south side of the plaintiff's tract and the north side of the defendant's. The fence was a division fence. Both plaintiff and defendant used their own land, bordered by the fence, at different times, for the pasturing and feeding of livestock. Previous agreement between the parties and custom, practice and usage had established the plaintiff's obligation to maintain the west half of the divi-

sion fence and the defendant's obligation to maintain the east half of the division fence. The defendant was guilty of one or more of the following negligent acts or omissions:

(a) Failed to maintain a legal and sufficient fence of the height of four and one-half feet on his just portion of the aforesaid division fence in violation of Illinois Revised Statutes 1965, ch 54, sec 2;

(b) Failed to properly or regularly inspect his portion of the aforesaid division fence;

(c) Permitted sections of his portion of the aforesaid division fence to fall into disrepair so as to permit plaintiff's cattle to pass through the same;

(d) Failed to make necessary or proper repairs to his portion of the aforesaid division fence;

(e) Permitted sections of the woven and barbed wire composing his portion of the aforesaid division fence to separate from the posts to which they were previously affixed or to sag.

Certain cattle described in the complaint, belonging to the plaintiff, passed through a section of the defendant's portion of the division fence as a direct and proximate result of one or more of the alleged negligent acts, consumed quantities of standing grain crops on the defendant's land and foundered and died. The complaint also alleges that plaintiff was in the exercise of due care and caution for the safety of his property.

■ ■ Defendant filed a comprehensive motion to dismiss which questioned the legal sufficiency of the complaint on several grounds. The objection to the alleged statutory liability, we believe, is well-taken for the reason that the Fencing Act appears to us to be self-contained and plaintiff's remedy for defendant's failure to

maintain his portion of the fence is set forth in section 11 which requires ten days' notice to the party in default and then, if repairs have not been made, the party giving notice may repair the fence and impose liability upon the nonrepairing party for the costs thereof. (Ill Rev Stats 1965, c 54, § 11.) The common-law portion of the action is barred by contributory negligence. Despite the allegation that the plaintiff was in the exercise of ordinary care for the safety of his property, the other allegations of the complaint show that the fence was in a state of disrepair with the knowledge of the plaintiff, or at least that the plaintiff had the same means of knowledge of the state of disrepair as did the defendant, and notwithstanding, he chose to pasture his cattle in the field in question. Stewart v. Gannaway, 45 Ill App2d 1, 195 NE2d 255 (3d Dist 1964).

Because of these two overriding reasons, it is unnecessary to discuss in detail the other grounds for dismissal of the complaint alleged by the defendant.

We hold the trial court was correct in dismissing the complaint and entering judgment upon plaintiff's election to stand on this pleading.

Judgment of the circuit court of Morgan County is affirmed.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.